## INDIANA DIE-CASTING DEVELOPMENT COMPANY *v.* NEWCOMB.

[No. 22,970. Filed January 13, 1916.]

1. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*— In a physician's action for services rendered to an injured employe of defendant corporation, the admission of evidence relating to certain customs of corporations, other than defendant, in employing physicians to treat injured employes, was erroneous, but was not ground for reversal in view of the affirmative showing from the record that the admission was harmless. p. 251.

2. CORPORATIONS.—*Physicians for Injured Employes.—Authority to Employ Physician.—Evidence.*—In a physician's action against a corporation for services rendered to an injured employe, evidence showing that defendant's board of directors seldom met, that it was the custom for defendant's manager to consult the directors individually and follow their advice, and that in accordance with defendant's custom with reference to employing medical aid for injured employes, the defendant's manager in the particular instance consulted a majority of the directors individually and no objection was interposed to the employment of plaintiff, etc., warranted the finding that the employment of plaintiff was ratified by defendant. pp. 252, 253.

3. CORPORATIONS.—*Directors.—Transacting Corporate Business.— Custom and Usage.*—It is not absolutely necessary that the directors of a corporation act as a body or unit in order to bind the cor-

poration, and it may be bound by them acting separately, if the action so taken is in accordance with the customary or usual practice in the transaction of its business. p. 252.

From Superior Court of Marion County (91,-454); *Charles J. Orbison*, Judge.

Action by John R. Newcomb against the Indiana Die-Casting Development Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Frederick E. Matson, Edward E. Gates* and *James A. Ross,* for appellant.

*Mark H. Miller,* for appellee.

Erwin, J.—This action was brought by appellee against appellant, a corporation organized under the laws of this State, and was based upon an alleged contract entered into by and between appellee and appellant by its superintendent, for the care and treatment by appellee of an employe of appellant, who was injured by the explosion of molten metal and suffered injury to his eyes. There was a trial by the court and a general finding and judgment for appellee in the sum of $371.

The only error assigned is that the court erred in overruling the motion for a new trial. The grounds for a new trial are, (a) that the finding of the court is not sustained by sufficient evidence; (b) that the finding of the court is contrary to law; and (c) that the court erred in admitting certain evidence. Some evidence was admitted relating to certain customs prevalent in the city of Indianapolis as to corporations, other than appellant, employing physicians to treat injured employes. This would be 1. error, which would require a reversal of the judgment, did it not affirmatively appear from the record that the admission was harmless. *Miller*

v. *State* (1910), 174 Ind. 255, 259, 91 N. E. 930; *Porter* v. *State* (1910), 173 Ind. 694, 91 N. E. 340.

The other evidence complained of related to the manner and custom of appellant in doing its business and was to the effect that the board of directors very seldom met; that the whole management of the corporation devolved upon one Parkhurst who owned forty per cent of the stock; that when any matters arose pertaining to the management of its affairs, he would consult the directors individually, and follow their advice. It is contended by appellant that without a regular meeting of the directors, no authority could be given the manager to employ a physician, and without an order so made the superintendent could not bind his corporation and that, therefore, appellant was not liable for the services rendered by appellee at the solicitation of the superintendent, regardless of the custom. "The rule that the board of directors must act as a body or a unit is not ironclad. It has already been seen that a by-law may be created by custom or usage. For similar reasons a board of directors may, by acting separately and in an individual capacity, establish a custom or usage that will be binding upon them and upon the corporation. Thus, where it appeared that from a long practice or a customary usage corporate business was transacted by securing the separate consent of the directors, or that the business was customarily transacted at either a casual or an informal meeting of the board, it was held, as a matter of law, to constitute a sufficient approval, in the absence of any law or by-law restricting the directors to a different mode. In a Vermont case, it was held that the directors might bind their corporation by acting separately, if this was their usual practice in transacting corporate business.

[*Bank, etc.* v. *Rutland, etc., R. Co.* (1858), 30 Vt. 159.] So, the separate assent of a majority of the directors to the employment of a physician to attend an injured employe of the corporation, where a majority of them, including the officers, actively participated in the employment, and counselled with him concerning the care and treatment of the patient, was held sufficient to make such employment binding on the corporation." 2 Thompson, Corporations (2d ed.) §1074. It was proper to admit this evidence. In addition to proving the custom of appellant in the management of its business it was shown that in this particular instance the superintendent did consult individually a majority of the directors in relation to the employment of appellee, and that no objections were interposed by any of said directors as to what had been done by the superintendent Parkhurst in employing appellee, and after so consulting his fellow directors Parkhurst again directed appellee to proceed with the treatment of the case. It was further shown that this had been the custom of appellant theretofore and that it had paid bills for services similarly contracted for by said superintendent. The court in finding generally for appellee found that appellant had ratified the acts of its officers in entering into the contract and we believe it was a just conclusion. 2 Thompson, Corporations, *supra; Scott* v. *Superior, etc., Oil Co.* (1904), 144 Cal. 140, 77 Pac. 817. Judgment affirmed.

NOTE.—Reported in 111 N. E. 16. On the authority of agent or representative to employ medical services for employe, see 20 L. R. A. 695. As to implied authority of officers, agents or servants to contract for medical, surgical or other attendance or supplies for sick or injured persons, see 3 Ann. Cas. 570; Ann. Cas. 1912 C 474. As to validity of action by directors of corporation without formal meeting, see Ann. Cas. 1914 B 713. See, also, under (1) 38 Cyc 1411; (2) 10 Cyc 1075-1081.