ANGELINA DE PASQUALE, *p. a. vs.* MASON MANUFACTURING COMPANY.

JUNE 8, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Corporations.   Ratification of Act of Officer.   Workmen's Compensation Act.*
The president, treasurer and general executive officer of a corporation filed the notice that the corporation accepted the provisions of the Workmen's Compensation Act.   The notice was signed, "M. Mfg. Co., E. H. Mason, Treasurer."
The board of directors never adopted or recorded any formal resolution expressly authorizing and directing the officer as treasurer to act for the corporation in filing such notice, but before filing it the officer consulted with all the directors and all agreed that such notice should be filed by the

company and the corporate name affixed thereto by the officer as treasurer. Later all of the directors were informed of the fact that it had been filed, and no director or stockholder ever objected nor did the directors in legular meeting thereafter take any steps to disaffirm such act.

There was evidence that the directors had no regular time of meeting and that the treasurer as the general executive officer of the corporation consulted with the other directors about its affairs.

*Held,* that the act of the officer was ratified through the acquiescence of the directors and their failure to disaffirm or repudiate the same.

(*2*)    *Workmen's Compensation Act.    Posting Notices.*

Upon the issue as to whether notices of acceptance of the Workmen's Compensation Act, were posted in defendant's factory as required by the act, plaintiff testified that she did not see them; was not looking for them and was not attempting to read any notices.    There was other positive evidence that such notices were in fact posted.

*Held,* that the direction of a verdict for defendant on the ground that the parties were within the provisions of the Workmen's Compensation Act was proper.

(*3*)    *Workmen's Compensation Act.    Notice.*

Since the Workmen's Compensation Act requires that the notices posted in the factory of the employer must be copies of the notice filed with the Commissioner of Industrial Statistics there is no merit in the claim that it is a question for the jury whether notice in the English language is a reasonable notice.

TRESPASS ON THE CASE for negligence.    Heard on exceptions of plaintiff and overruled.

VINCENT, J.    This is an action of trespass on the case for negligence brought to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant company on the 12th of June, 1913.    In answer to the plaintiff's declaration the defendant pleaded that at the time of the injury both the defendant as employer and the plaintiff as employee were subject to the provisions of the Workmen's Compensation Act, Chapter 831 of the Public Laws of 1912.

The Workmen's Compensation Act went into effect October 1, 1912.    A few days prior to that date, Edward H. Mason, the president, treasurer, and general executive officer of the defendant company, filed in the office of the Commissioner of Industrial Statistics a notice that said com-

pany accepted the provisions of the act. This notice was signed, "Mason Manufacturing Co., E. H. Mason, Treas."

The board of directors of said company never adopted or recorded any formal resolution expressly authorizing and directing said Mason as treasurer to act for the corporation in filing such notice, but before filing the same Mason consulted all the directors of the corporation and all of them agreed that such notice should be filed by the company and that the corporate name should be affixed thereto by the said Mason as treasurer in the manner in which the same was subsequently done. Later all of the directors were informed of the fact and had knowledge that such notice had been filed by the treasurer.

Since the filing of said notice no director or stockholder has personally ever made any objection to, or expressed his disapproval of, the action of the treasurer in filing the same, nor did the directors assembled in regular meeting after the filing of said notice, and long prior to the accident to the plaintiff, all of them having knowledge of the filing of said notice and of the manner in which it had been done, take or attempt to take any steps disaffirming or questioning the action of the treasurer in executing and filing the notice of acceptance aforesaid. Upon the filing of the notice of acceptance the defendant company caused copies thereof to be posted in conspicuous places in and about its factory where its workmen, including the plaintiff, were employed.

The plaintiff at no time gave any notice to the defendant company that she claimed her right of action at common law. At the trial in the Superior Court upon the conclusion of the testimony a verdict for the defendant was directed upon the ground that the evidence conclusively showed that at the time of the accident to the plaintiff both plaintiff and defendant were within the provisions of the Workmen's Compensation Act and therefore no common law action could be maintained. To this action of the trial court the plaintiff excepted. The plaintiff also took other exceptions to the number of two hundred and thirty-two to the rulings

of the trial court in admitting and rejecting testimony. We will however first take up for consideration plaintiff's exception number two hundred and thirty-three relating to action of the trial court in directing a verdict for the defendant.

The plaintiff contends (1) that the notice of the acceptance of the act by the defendant, executed and filed in the manner and form in which it was is not in law an acceptance of the compensation act for the reason that the board of directors have not, in actual meeting, formally adopted and recorded any resolution expressly directing the corporation, through some officer, to accept the provisions of the Workmen's Compensation Act, and (2) that the copies of the notice of acceptance were not posted in the defendant's factory in the manner required by the act.

There is some testimony that the board of directors had no regular times of meeting and that Mr. Mason as the general executive officer of the corporation consulted with the other directors about its affairs.   If it was the custom of the company to transact its business in that manner there is good authority for saying that the acts of Mr. Mason would be binding upon the corporation.   *Indiana Die-Casting Development Co.* v. *Newcomb*, 111 N. E. 16 (Ind. 1916), and cases therein cited.

The uncontradicted testimony of Mason, the treasurer, clearly shows that all the directors were consulted by him as to the desirability of accepting the provisions of the act; that they were all of the opinion that there was nothing else to do but accept it and that he should go ahead and do it.   It also appears, without contradiction, that after the notice of the acceptance was filed each and all of the directors were notified that the same had been filed in behalf of the corporation and they were in possession of that information on January 13, 1913, six months prior to the accident, when a formal meeting of the directors was held at which no action was taken to disaffirm, repudiate or even question the action of the treasurer in that regard.

We think that under the circumstances the action of the treasurer in filing the notice of acceptance was ratified through the acquiescence of the directors and their failure to disaffirm or repudiate the same.   In *Sherman et al.*, v. *Fitch*, 98 Mass. 59 at 64, it was held that the act of the president of a corporation in executing a mortgage in its behalf, with the knowledge and concurrence of the directors, or with their subsequent acquiescence may properly be regarded as the act of the corporation, and in *Pittsburgh, &c., Co.* v. *Keokuk, &c., Co.*, 9 Supreme Ct. Rep. 770 at 773, the court said: "When the president of a corporation executes in its behalf, and within the scope of its charter, a contract which requires the concurrence of the board of directors, and the board knowing that he has done so, does not dissent within a reasonable time, it will be presumed to have ratified his act." See, also, *Indiana, &c., Co.* v. *Newcomb, supra; Lyndeborough Glass Co.* v. *Mass. Glass Co.*, 111 Mass. 315; *O'Grady* v. *Howe & Rogers Co.*, 152 N. Y. Supp. 79; *Sun Printing & Pub. Ass'n* v. *Moore*, 22 S. C. Rep. 240.

As to the posting of copies of the notice of acceptance in conspicuous places in the defendant's factory we find no disputed question of fact.   The plaintiff says that she did not see them; that she was not at any time looking for them, (2) and was not attempting to read any notices.   Three other witnesses testify positively that such notices were posted in conspicuous places, which they describe, and that they continued to be so posted from October 1, 1912, down to the time of the accident.   Some other witnesses testified in direct that no notices were posted before the accident but all of them admitted on cross-examination that they could not say that the notices were not in fact posted before the accident.

We find no error in the action of the Superior Court in directing a verdict for the defendant and the plaintiff's exception numbered two hundred and thirty-three based thereon is overrruled.

(3)　The claim of the plaintiff that it was for the jury to say whether or not a notice written in the English language was a reasonable notice seems to us to be without merit in view of the fact that the act requires that the notices posted in the factory or other places of business of the employer must be copies of the notice filed with the Commissioner of Industrial Statistics.

In view of this conclusion reached by a majority of the court the remaining two hundred and thirty-two exceptions become unimportant and are therefore overruled.

This case is remitted to the Superior Court with direction to enter judgment for the defendant on the verdict as directed.

*Waterman & Greenlaw*, for plaintiff.
*Charles E. Tilly*, of counsel.
*Boss & Barnefield*, for defendant.