(No. 37494.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY BOWEN, Plaintiff in Error.

*Opinion filed November 26, 1963.*

LAWRENCE RIPES, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

The defendant, Henry Bowen, was convicted in the criminal court of Cook County under two separate indictments, each of which charged him with the unlawful possession of narcotic drugs. He was sentenced on each charge to concurrent terms of not less than two nor more than seven years. A writ of error has been issued to review both judgments of conviction.

In each case the defendant filed a motion to suppress certain drugs which had been found on his person at the time of his arrest. After separate hearings on each motion the court denied the motions and it was stipulated that the evidence heard on the motions to suppress could be considered by the trial judge as the evidence at the trial. In indictment No. 61-3120, the evidence at the hearing on the

motion to suppress showed that police officers Frawley and Knazze had a conversation with an informer at about 1:00 o'clock in the morning. This person told the officers that a woman was carrying a gun wrapped in a newspaper in the vicinity of 39th and Cottage Grove in the city of Chicago. The informer described the woman by age and height, and described the clothing she was wearing. The officers drove to that location and observed a woman answering that description, walking beside the defendant, with another couple walking shortly ahead of them. Officer Knazze got out of the car and walked over to the woman, who was later identified as the defendant's wife, and asked her for the newspaper. She surrendered the newspaper to him and the officer found the pistol. When officer Frawley approached the defendant he attempted to run away, but stopped immediately when ordered to do so. Frawley searched the defendant to see if he was armed and found no weapon on the defendant's person. Frawley then searched the other man and discovered nothing as a result of this search. While he was searching the other man, Knazze made a more thorough search of the defendant and found a package of heroin in the fly of the defendant's trousers. At the hearing, Frawley was asked by defense counsel to reveal the name of the informer who had told the officers that Mrs. Bowen was carrying a gun. The officer refused to give this information and stated that the informer was a man from whom the officers had previously received reliable information. The prosecutor objected to furnishing this information, on the ground that the information was privileged, and the court sustained the objection.

The defendant contends that the search of his person was illegal since the officers had no warrant and the search was not made as an incident to a lawful arrest without a warrant. Under the circumstances in which the defendant's wife was found carrying a concealed weapon, however, the search of the defendant to ascertain whether he was armed

was reasonable and lawful. In the original search by officer Frawley no weapon was found. In our opinion this search of the defendant was all that was authorized by the circumstances of the arrest. The second and more thorough search of the defendant by officer Knazze, after the first search disclosed that defendant was not armed, was not reasonably necessary to protect the officers from attack by the defendant and this search cannot be sustained as a lawful search incident to the original arrest of Mrs. Bowen. We are of the opinion that the trial judge erred in denying the motion to suppress, and since the sole evidence against the defendant on this indictment is the evidence found as a result of that search, the judgment of conviction must be reversed.

On indictment No. 61-3121, the evidence at the hearing on the motion to suppress showed that an informer named James Williams had told officer Paschal that a man known as "Hank" was on 39th Street selling narcotics. Officer Paschal knew the defendant by the name of "Hank" and after receiving this information the officer proceeded to the intersection of 39th and Cottage Grove where he observed the defendant standing on the corner. He order the defendant to get in the squad car and searched him. This search disclosed 3 packages of heroin. The defendant testified at the hearing that about two months prior to his arrest he had a conversation with officer Paschal in which the officer asked the defendant to "do them some favors." At that time the defendant had some "addict paraphernalia" in his possession. About four days prior to his arrest he had a conversation with officer Paschal in which the officer asked him to help him arrest some sellers of narcotics. The defendant testified that when he was arrested officer Paschal asked him about certain alleged sellers of narcotics and it was not until after the defendant refused to give them any information that officer Paschal searched him.

The defendant contends that officer Paschal had no reasonable grounds to believe that the defendant was com-

mitting a crime and that therefore the arrest without a warrant and the accompanying search were illegal. This contention is based primarily on the argument that the officers were not justified in relying upon the information received from the informer. Officer Paschal testified at the hearing that prior information which had been received from the informer had been accurate. In addition, officer Paschal knew the defendant as "Hank" and knew that the defendant was involved with narcotics. In our opinion the officer had reasonable grounds to believe that the defendant was committing a crime at the time of his arrest and the arrest and search were legal. The defendant also contends that there appears to be good reason to believe that the defendant was hampered in securing the attendance of the informer at the trial and was thereby deprived of the right to cross-examine him. The State disclosed the informer's name and there is nothing in the record to support the claim that the defendant was hampered in locating him. The State was not obligated to produce the informer at the trial. (*People* v. *Greer,* 28 Ill.2d 107.) Our review of the evidence on indictment No. 61-3121 satisfies us that the search of the defendant was lawful. The fact that narcotics were discovered on the defendant's person as a result of this search is sufficient to sustain the judgment of conviction.

The judgment of conviction on indictment No. 61-3120 is reversed. The judgment of conviction on indictment No. 61-3121 is affirmed.

*Reversed as to No. 61-3120.*
*Affirmed as to No. 61-3121.*