**People of the State of Illinois, Appellant, v. Jerry Hambrick, Appellee.**

**Gen. No. 52,463.**

First District, Second Division.

September 17, 1968.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel), for appellant.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Stephen W. Stoll, Theodore A. Gottfried, and James J. Doherty, Assistant Public Defenders, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

The People appeal from an order sustaining a motion to suppress evidence. The ruling was made on the basis of stipulated facts. The defendant was arrested in a tavern on a citizen's complaint charging unlawful use of weapons. The police found a loaded revolver on the de-

fendant's person. He was taken to a police station and was charged with the unlawful use of a weapon. At the station the police followed the regular procedure in processing a prisoner in that they began to inventory the personal effects of the prisoner. During the course of the inventory they found in one of defendant's pockets an envelope containing marijuana. The marijuana thus found is the basis of the charge against the defendant.

The issue is whether the discovery and seizure of contraband during the course of a normal police inventory of a properly arrested person's personal property constitutes an unreasonable search and seizure? In Baskerville v. United States, 227 F2d 454, the court sustained the admissibility of evidence secured by an examination of defendant's personal property which, upon his entry to jail, was placed in an envelope and given to a property custodian. In Cotton v. United States, 371 F2d 385, the defendant was arrested for prowling private property. He was taken to a police station where, pursuant to inventory policy he emptied his pockets which contained an identification card later introduced into evidence against him. The court affirmed. See also United States v. Caruso, 358 F2d 184; Robinson v. United States, 283 F2d 508 (cert den 364 US 919) ; Charles v. United States, 278 F2d 386.

In the recent case of People v. Ambrose, 84 Ill App2d 128, 228 NE2d 517, the court considered the question whether a loaded revolver seized during the search at the jail prior to the confinement of defendant pending trial for disorderly conduct, was constitutionally admissible as evidence against him at a trial for unlawful use of weapons and decided that it was admissible and that the motion to suppress this evidence was properly denied. In Ambrose the court concluded that the fact that the defendant was not convicted of disorderly conduct is not

determinative of whether the arrest was valid, since it is elementary that the quantum of proof necessary to establish reasonable cause for an arrest is much less than the proof beyond a reasonable doubt required to sustain a conviction for the same charge. In the instant case the trial judge relied heavily on People v. Bowen, 29 Ill2d 349, 194 NE2d 316. We do not think that the factual situation in the Bowen case gives any support to the position of the defendant in the instant case where there was a lawful arrest. Because of this the police had a right to search him and to inventory his personal effects. The marijuana was found during the making of this inventory.

The defendant was lawfully arrested. At the time of his arrest he was armed. This fact alone justified a careful search and inventory before the defendant was to be put in a cell. The officers also inventoried the defendant's effects for the purposes of safekeeping. The inventory was conducted in the ordinary course of police practice. We conclude that the seizure of the marijuana detected during the inventory of the personal property of the defendant after his arrest and before placing him in a lockup cell was proper. Therefore, the order suppressing the evidence is reversed and the cause is remanded for further proceedings consistent with these views.

Order reversed and cause remanded with directions.

McNAMARA and LYONS, JJ., concur.