FARRIE *v.* STATE OF INDIANA.

[No. 470S77. Filed February 10, 1971. No petition for rehearing filed.]

*Daniel A. Roby, Thomas L. Ryan,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—On November 22, 1967, defendant was arrested for possession of narcotics. Defendant surrendered certain valuable articles of personal property for safekeeping purposes to the police intake officer, Albert J. Bragalone, among which was a certain wristwatch later identified and admitted as State's Exhibit Number 1. After the wristwatch was accepted for safekeeping, Officer Bragalone turned it over to Captain Edwards of the Detective Bureau of the Fort Wayne Police Department. Appellant was charged with second degree burglary and found guilty as charged.

Appellant urges on this appeal that he was compelled to give possession of his valuables to the Fort Wayne Police Department, which was merely a bailment for the safekeeping of defendant's valuables during his incarceration. Appellant argues that the warrantless seizure of the watch was not incidental to the arrest on the charge of Second Degree Burglary. As the fruits of an alleged illegal seizure, defendant claims it should not have been admitted into evidence over his objection.

We find that regardless of whether or not a bailment situation existed, there was no illegal seizure of defendant's watch. When Officer Bragalone gave the watch to Captain Edwards there was merely a transfer of the watch within the Fort Wayne Police Department.

Our decision in this case is compatible with similar cases in our neighboring states of Ohio and Illinois and in certain Federal district courts. In *People* v. *Hambrick* (1968), 98 Ill. App. 2d 481, 240 N. E. 2d 696, the Appellate Court of Illinois, First District, Second Division, held that marijuana found during the ordinary course of inventorying the defendant's effects for safekeeping should have been admitted into evidence. Recently, the Supreme Court of Ohio held that it is not unreasonable to search a person in a routine stationhouse search, without a warrant, before he is locked in a cell or room. This would normally require an inventorying and safekeeping of such personal effects. The fruits of such a search were held admissible into evidence. *State* v. *Dempsey* (1970), 22 Ohio St. 2d 219, 259 N. E. 2d 745.

In *Baskerville* v. *United States* (10th Cir. 1955), 227 F. 2d 454, the court held that a lawful search occurred where the defendant was arrested, taken into custody, and then searched by jail officers who placed his personal property in an envelope. About two weeks later incriminating evidence was found in said envelope by a United States Secret Service agent. The court held it was properly admitted into evidence. Similarly, in *Cotton* v. *United States* (9th Cir. 1967), 371 F. 2d 385, 393,

the court stated, concerning evidence found upon searching the defendant at the jail after his arrest:

"If a lawful search or examination produces evidence of other crimes than that for which the prisoner was arrested, that is not something to which he can object. See *Taglavore* v. *United States*, 9 Cir., 1961, 291 F. 2d 262, 265. Indeed, as we there said, it is proper for the police to look for just such evidence, so long as the arrest is not a mere pretext for doing so, as it was found to be in that case. . . . And if the papers were validly available to the state police, there is no reason that the F.B.I. could not make use of them in their investigation and prosecution."

A search incidental to a valid arrest is lawful regardless of what it reveals. In the case at bar defendant does not challenge the validity of the arrest. A search is no less valid when conducted by a jailer when an accused is booked and is to be confined in a cell in the jail or stationhouse.

We thus find that the search was not unreasonable and that therefore the evidence was properly admitted.

Judgment affirmed.

Givan and Prentice, JJ., concur; Hunter, J., concurs in result; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DEBRULER, J.—The defendant here was arrested for violation of the Uniform Narcotics Act, and was taken to the Fort Wayne City Jail. There, as part of the routine of admitting prisoners to the jail, he was required to turn over valuables on his person to the admitting officer for safekeeping. He handed his wristwatch to the admitting officer and received a receipt for it. The receipt was admitted in evidence at trial and appears as follows:

"Name of Prisoner C. B. Farrie Case No._____

FORT WAYNE POLICE DEPARTMENT
PRISONER'S PROPERTY RECEIPT

Date of Arrest <u>11-22-67</u> Officer Receiving Property

Biagaloni

The following articles were received from the above named prisoner at the time of his/or her arrest and same will be returned to prisoner after his release. The duplicate copy of this receipt must be presented to the Ident. & Records Bureau, Room 216, City Hall. The Police Department will not be responsible for articles not claimed by any prisoner over 30 days after his release.

1 Westclox wristwatch Model 770

Received by ————————————— Date ——— 19—
 (Prisoner's Signature)

s/ State's Ex 1 11-21-69 ask"

After having been received by the admitting officer, at a time not disclosed by the record before us, the admitting officer took the watch to the detective bureau at the request of one of the detectives. Thereafter, the watch was identified by its owner as having been stolen in a burglary. The appellant was then charged with the burglary and convicted. At the trial of the burglary charge the appellant objected to the admission of the watch into evidence on the ground that it had been seized in violation of his Fourth Amendment rights.

The search at the police station cannot be justified as a valid search incident to an arrest because it was not contemporaneous with the arrest. In *Preston* v. *U. S.* (1964), 376 U. S. 364, 84 S. Ct. 881, 11 L. Ed. 2d 777, the United States Supreme Court said:

"The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent destruction of evidence of the crime—things which might easily happen when the weapon or evidence is on the accused's person or under his immediate control. But these justifications are absent when

a search is remote in time or place from the arrest. *Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest.*" (Emphasis added.) 376 U. S. at 367.

See *Wisconsin* v. *Stevens* (1965), 26 Wis. 2d 451, 132 N. W. 2d 502.

The search of this appellant and the seizure of his wristwatch for inventory and safekeeping in the police property room, made by the police routinely at the time of appellant's admission to the jail, is a legitimate police procedure, necessitated by the following considerations:

1. to safeguard the property of a prisoner from loss by theft during his incarceration.
2. to protect the police from unfounded charges of theft from prisoners.
3. to protect the lives of prisoners and guards from assaults by prisoners with the use of weapons carried in.

However, the scope of a warrantless search and seizure is limited by the justifiable purposes which free the police from first obtaining a search warrant. In *Paxton* v. *State* (1970), 255 Ind. 264, 263 N. E. 2d 636, quoting from *Terry* v. *Ohio* (1968), 392 U. S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889, we said, "[T]he scope of [a] search must be 'strictly tied to and justified by' the circumstances which rendered its initiation permissible". Again, this Court, quoting from *Sibron* v. *New York* (1968), 392 U. S. 40, 88 S. Ct. 1912, 20 L. Ed. 2d 917, said, "The search was not reasonably limited in scope to the accomplishment of the only goal which might conceivably have justified its inception—the protection of the officer by disarming a potentially dangerous man." See also *Preston* v. *U. S.*, *supra; Chimel* v. *Calif.* (1969), 395 U. S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685. Therefore, the scope of the search and seizure here for inventory and safekeeping purposes is limited to achieving those three purposes outlined above which necessitate such search and seizure. Those purposes were not being served when the appellant's wristwatch was removed from

the property room and made the subject of a general investigation intended to establish whether or not it had been stolen.

A case, precisely on point, which supports this dissenting opinion is *Brett* v. *U. S.*, 412 F. 2d 401 (5th Cir. 1969).

There the defendant was convicted of unlawful importation and concealment of heroin. The defendant was involved in a scheme in which heroin was mailed into the United States from Mexico in letters. The defendant was arrested but was not thoroughly searched at the time of the arrest and was taken to the United States Commissioner and then to jail. He was booked into jail in the customary manner and was required to remove all of his clothing and personal effects and to don prison garb and his clothing and effects were placed in the property room. Three days later an agent thoroughly searched the clothing in the property room and there discovered some cellophane papers in the pocket of his trousers containing heroin. This heroin was admitted into evidence at the trial. The Fifth Circuit held that this search was invalid and that the fruits not admissible for any purpose, the state having failed in their burden to show that this warrantless search came within one of the exceptions to the Fourth Amendment requirement of a warrant. The court said:

> "The fact that the police have custody of a prisoner's property for the purpose of protecting it while he is incarcerated does not alone constitute a basis for an exception to the requirement of a search warrant. Preston v. U.S., 367 U. S. 364, 84 S. Ct. 881, L. Ed. 2d 777 (1964) ; Barnett v. U. S., *supra;* Williams v. U. S., *supra*. Of course, property in police custody may be subject to warrantless searches under exceptions springing from reasons other than custody alone. The focus in Fourth Amendment cases today is on privacy rather than on property rights. *E.g.,* Katz v. United States, 389 U. S. 347, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). Warden, Maryland Penitentiary v. Hayden, *supra*.

> "We are not prepared to say that an accused whose effects are held by the police for safekeeping has, by the single fact alone of the police custody of the property, surrendered his expectations of the privacy of those effects."

I dissent to the holding of the majority that the Fourth Amendment does not constitute a limitation upon the right of the police in the use and handling of items routinely taken from the person of the arrestee for safekeeping. I cannot accept an interpretation of the Fourth Amendment which would permit the police to search an arrestee, let us say arrested and in the process of being incarcerated for a minor traffic offense, and seize the contents of his pockets, briefcase and car for safekeeping purposes, and then to use these items in a general investigation for evidence of criminal conduct unrelated to the offense for which the person was arrested. I would hold that the officers in this case had ample opportunity to obtain a warrant and the Fourth Amendment requires them to do so in cases of this type.

NOTE.—Reported in 266 N. E. 2d 212.