HUBERT E. CRANE, JR. *v.* STATE OF INDIANA.

[No. 1-273A37. Filed August 16, 1973.]

*Gerald E. Surface, Jr.,* Public Defender, of Richmond, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Crane appeals from a conviction of second degree burglary following a jury trial.

Crane was committed to the Department of Corrections for not less than two nor more than five years. He timely filed his Motion to Correct Errors which was overruled.

The defendant did not offer any evidence at trial and the facts most favorable to the State are as follows:

About 3:30 A.M. on February 20, 1971, Detective Larry Blunk of the Wayne County Police Department observed a car parked at the rear of the L&K Restaurant on U.S. Highway 35 in Wayne County. The car's lights were off, the trunk lid was open and several persons were near the car. The vehicle then pulled onto the highway with its lights off, and Blunk followed until it pulled into a service station in Richmond. When Blunk walked up to the car he observed a large ham, some cigar boxes, and several other articles inside. Blunk then requested that the driver present identification and open the trunk where Blunk observed several decorator pillows and trays of meat.

Blunk then arrested the five occupants of the car, including Crane, and they were taken to jail. Blunk and another officer then returned to the L&K Restaurant and found that a break-in had occurred.

Pamela Hardwick, one of those arrested, testified that Crane had been present during the break-in, but she was not sure whether he actually entered the building. However, she had observed him assist in loading various stolen articles from the restaurant into the car.

Upon arrival at the police station, all of the occupants of the car were subjected to a routine search. Among the items found on Crane's person was a set of keys, which were later found to fit the cash register of the L&K Restaurant.

Crane presents the following issues for review in this appeal:

1. Whether the trial court erred in overruling Crane's Motion to Suppress certain testimony concerning the keys

obtained in the police station search which were not listed in the State's response to his Motion to Produce.

2. Whether the prosecuting attorney made an improper comment in his closing argument concerning Crane's failure to testify.

3. Whether the conviction was based on insufficient evidence and was therefore contrary to law.

Under the first issue presented, Crane contends that the trial court erred in overruling his Motion to Suppress in that the keys were obtained during an illegal search and seizure. He argues that the police station search cannot be justified as a valid search incident to an arrest because it was not contemporaneous with the arrest.

Crane relies on the following language from *Preston* v. *United States* (1964), 376 U.S. 364, 84 S. Ct. 881, 11 L.Ed.2d 777:

"Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest."

However, in that case, the controversy centered around a warrantless search of an automobile which had been towed to a garage subsequent to the arrest of its occupants.

The question of the admissibility of evidence seized during a police station search of the person following an arrest was determined in *Farrie* v. *State* (1971), 255 Ind. 681, 266 N.E. 2d 212. In that case, Farrie was arrested for possession of narcotics and when he was booked, surrendered certain articles of personal property for safekeeping. Among the articles was a wristwatch which was subsequently admitted into evidence against Farrie in a prosecution for second degree burglary.

In affirming the conviction, our Supreme Court held:

"A search incident to a valid arrest is lawful regardless of what it reveals. In the case at bar defendant does not

challenge the validity of the arrest. A search is no less valid when conducted by a jailer when an accused is booked and is to be confined in a cell in the jail or stationhouse."

See also, *Ramirez* v. *State* (1972), 153 Ind. App. 142, 286 N.E.2d 219; *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667.

We therefore conclude that the police station search did not constitute an illegal search, and the trial court did not err in refusing to sustain Crane's Motion to Suppress on those grounds.

Crane next contends that the trial court erred in denying his Motion to Suppress testimony concerning the keys which had not been listed in the State's response to his Motion to Produce. An examination of the record reveals that the keys were not retained by the authorities and were not introduced in evidence by the State. Rather, they were returned to the L&K Restaurant for use in operating its business.

Crane argues that the failure of the Prosecuting Attorney to list the keys amounted to an attempt to suppress evidence. Crane cites *Fair* v. *State* (1969), 252 Ind. 494, 250 N.E.2d 744, in which our Supreme Court recited the theory that suppression of any evidence favorable to the defendant by the prosecution would be a violation of the due process clause of the Fourteenth Amendment.

The State argues that the principle recited in *Fair, supra,* does not apply in the case at bar since the keys were evidence *unfavorable* to Crane.

However, we need go no further in resolving this issue for Crane has waived any error with respect to the trial court's ruling on his Motion to Suppress.

In *Dillard* v. *State* (1971), 257 Ind. 282, 274 N.E.2d 387, our Supreme Court held:

"When a defendant in a criminal case obtains a favorable ruling from a trial court on a discovery motion and the defendant thinks the appellee has not complied with the order, the defendant must call this to the attention of the trial court in some manner and attempt to compel the prosecution to comply with the order."

In the case at bar, during argument on the Motion to Suppress, the prosecuting attorney and the trial judge made the following offers:

"MR. SOWERS: I would be agreeable to a recess and an order to comply with — further comply with the motion to produce, and to grant the defendant additional time to prepare for the case.

THE COURT: All right, well, that's the point that I'm getting to. A motion to produce is, of course, for the purpose of allowing the defendant to go ahead and prepare any defense he might have and also to examine the incriminating material and so on as preparation for trial. Now, at this time we can go ahead here or if — or at least in part, and I will give the defendant any time that they feel necessary to explore this piece of evidence or anything for the purpose of cross examination or anything else."

Crane rejected this offer, and the trial judge then overruled the Motion to Suppress.

In *Fair, supra,* the appellant argued that the prosecution had suppressed evidence by failing to present the testimony of two witnesses. The court held that Fair had waived this issue by failing to elicit the names of the two witnesses on cross-examination or request a continuance for the purpose of identifying and locating them.

Hence, we conclude that Crane has waived any issue of suppression of evidence by refusing the trial court's offer to grant a continuance and to order production of the keys for examination.

Crane failed to take the witness stand in his own defense and in his second issue contends that during the closing

argument the prosecuting attorney made an improper comment about his failure to testify, when he said "There's been nothing to contradict the testimony of the Sheriff's Department regarding those keys."

Crane then objected, saying that "It goes to the defendant taking the stand." The objection was thereupon overruled by the court.

IC 1971, 35-1-31-3; Ind. Ann. Stat. § 9-1603 (Burns 1956), provides as follows:

"The following persons are competent witnesses:

First. All persons who are competent to testify in civil actions.

Second. The party injured by the offense committed.

Third. Accomplices, when they consent to testify.

Fourth. The defendant, to testify in his own behalf. *But if the defendant do not testify, his failure to do so shall not be commented upon or referred to in the argument of the cause, nor commented upon, referred to, or in any manner considered by the jury trying the same,* and it shall be the duty of the court, in such case, in its charge, to instruct the jury as to their duty under the provisions of this section. [Acts 1905, ch. 169, § 235, p. 584.]" (Our emphasis.)

In support of his position Crane cites *Rowley* v. *State* (1972), 259 Ind. 209, 285 N.E.2d 646. In that case our Supreme Court ordered a reversal after the prosecuting attorney in closing argument said ". . . that there had not been one bit of evidence from the witness stand that indicated the defendant was not guilty." The *Rowley* court adopted what it considered to be a reasonable test from *Williams* v. *Wainwright* (5th Cir. 1969), 416 F. 2d 1042, wherein the court stated that it was settled in both Federal and Florida law that:

". . . a comment made by a prosecuting attorney, directly or indirectly, which is subject to interpretation by a jury as a comment upon failure of a defendant to testify has

been strictly regarded as an impingement on the substantial right of the defendant."

In *Williams, supra,* the court affirmed a conviction in a situation where the prosecutor went much farther in his remarks than did the prosecuting attorney in the case at bar.

However, *Rowley, supra,* can be readily distinguished from the case at bar. In *Rowley, supra,* the remarks alluded to the complete failure of the defendant to produce evidence of his innocence.

In the case at bar, the prosecutor's comment was addressed only to the proposition that one facet of the State's evidence had not been contradicted.

From a review of the authorities, it is apparent that one of the criteria employed in judging the harmful effect of the remark is the context in which the words were spoken. Following is an excerpt from that portion of the final argument of the prosecuting attorney preceding the remark in question in the case at bar:

"MR. SOWERS: .... They also found a keychain with four keys on it. They also noted that they were odd shaped keys. There were four keys—two identical—two sets of identical keys. On one set of two identical keys there was the word 'National' in particular. This rang a bell with Major Tipple because he recalled the trouble out at the L&K Restaurant that the management had had with opening the cash register. He recalled that it was a National cash register so he returned to the L&K Restaurant later that day and gave the keys to personnel there. They inserted it in the cash register. And what happened? The key turns, they are able to get their cash drawer out, the register is (unintelligible). They took the key back. Probably because it made very good evidence. But they couldn't keep them because the business couldn't keep functioning without the keys to the cash register. So they took the keys back out to the L&K Restaurant a couple days later, and that's were [sic] they remained. We didn't produce the keys for you. There's been nothing to contradict the testimony of the Sheriff's Department regarding those keys."

It is evident that the questioned remark concerned "keys" and was not a direct reference to defendant's failure to testify. Up to that point the prosecuting attorney had been pursuing a proper course of discussion upon the subject of the cash register keys and the reason the State had not introduced them in evidence.

L&K's manager, Newton, had testified at length concerning the same keys. The comment of the prosecutor could well have alluded to Newton's testimony as not being contradictory rather than to defendant's lack of testimony.

We therefore hold that the trial court did not err in overruling defendant's objection to the remark. To take a contrary position would be to hold that whenever a defendant fails to take the witness stand, the prosecuting attorney would be required to delete the word "uncontradicted" from his vocabulary.

Finally, Crane charges that his conviction was based upon insufficient evidence. Our Supreme Court has repeatedly held, as in *Buise* v. *State* (1972), 258 Ind. 321, 281 N.E.2d 93:

> "This Court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court or jury. Washington v. State (1971), 257 Ind. 40, 271 N.E.2d 888; Davis v. State (1971), 257 Ind. 46, 271 N.E.2d 893; Grimm v. State (1970), 254 Ind. 150, 258 N.E.2d 407; Sharp v. State (1970), 254 Ind. 435, 260 N.E.2d 593; Smith v. State (1970), 254 Ind. 401, 260 N.E.2d 558; and Langley v. State (1968), 250 Ind. 29, 232 N.E.2d 611. A conviction must be affirmed, if having applied the rule, there is evidence of probative value from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. Gann v. State (1971), 256 Ind. 429, 269 N.E.2d 381; Asher v. State (1969), 253 Ind. 25, 244 N.E. 2d 89."

Crane not only had possession of the cash register keys (which were last seen in the cash register drawer inside the

building), but other and more direct evidence binds him to the crime, at least as an accessory. He was observed in and about the automobile parked near the L&K Restaurant building. He was observed assisting in the loading of stolen property from the restaurant into the car. He was apprehended with others in that same vehicle which had been under surveillance by Officer Blunk from the time it left the burglarized premises until it was stopped and searched at the filling station.

IC 1971, 35-1-29-1; Ind. Ann. Stat. § 9-102 (Burns 1956), provides:

> "Every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal. [Acts 1905, ch. 169, § 224, p. 584.]"

Pursuant to the above statute, it was held in *Smithhart* v. *State* (1971), 256 Ind. 533, 270 N.E.2d 740, that one may be convicted as a principal if he aids or abets the breaking and entering of a home without regard to whether he himself entered the home.

The evidence was more than sufficient to prove each element of the crime charged and sufficiently supported the verdict of the jury.

Finding no error, the judgment is affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 299 N.E.2d 877.