**Ezell BAILEY, Appellant-Defendant,**

v.

**STATE of Indiana, Appellee-Plaintiff.**

No. 3–981A226.

Court of Appeals of Indiana,
Third District.

July 29, 1982.
Rehearing Denied Nov. 3, 1982.

Charles A. Asher, South Bend, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Latr'ealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Bailey was convicted by a jury of attempted burglary, a class B felony.[1] He received a six year determinate sentence.

On appeal, he raises the following issues:

(1) Is the judgment supported by sufficient evidence?

(2) Did the trial court err by giving a "flight as consciousness of guilt" instruction?

(3) Did the trial court err in giving the specific intent instruction?

(4) Did the trial court err by giving the time, force and manner as inference of intent instruction?

(5) Did the trial court err by giving the "acting in concert" instruction?

(6) Did the trial court err by refusing the lesser included offense instruction?

(7) Did the trial court err by giving an amended instruction on direct and circumstantial evidence?

(8) Did the State impermissibly refer to Bailey's failure to testify?

We affirm.

## I.

### Sufficiency of the Evidence

While the victim watched television around 9:30 p. m. on November 7, 1980, the victim heard voices outside and a knocking at his front door. Five minutes after the victim had ignored the knocking, he heard his back door being kicked open. He immediately called the police who arrested Bailey as he fled from the back of the victim's house wearing white athletic socks on his hands. Bailey challenges the sufficiency of the evidence supporting his conviction.

When the sufficiency of the evidence is challenged, we neither weigh the evidence nor judge the credibility of the witnesses. Rather, we examine only the evidence and inferences most favorable to the State. If

---

1. IC 35–41–5–1(a) (1976) provides:

   "A person attempts to commit a crime when, acting with the culpability required for the commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the attempted crime. However, an attempt to commit murder is a class A felony."

IC 35–43–2–1 (1976) provides in part:

"A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if . . . the building or structure is a dwelling. . . ."

there is substantial evidence of probative value to support the judgment, the judgment will stand. *Gatewood v. State* (1982), Ind., 430 N.E.2d 781. Our review of the evidence shows that Bailey was arrested as he was jumping a fence in the victim's backyard attempting to escape arrest. His arrest occurred minutes after the victim heard glass shattering, wood splintering and loud hammering noises at his back door. We conclude that the judgment is supported by sufficient evidence.

## II.

### Flight Instruction

The trial court gave the following State's instruction: [2]

"You are instructed that you may consider the flight of the accused, if any, as showing consciousness of guilt, along with all other evidence in the case."

Flight from the scene of a crime may be considered by the jury as circumstantial evidence of the consciousness of guilt. *Bush v. State* (1980) Ind.App., 401 N.E.2d 796. Because the State introduced evidence that Bailey was fleeing the scene when arrested, we find no error in the trial court's flight instruction.

## III.

### Intent Inference Instruction

The trial court refused the following instruction tendered by Bailey:

"In the case the State has alleged that the defendant acted with a specific intent to commit theft. Unless you find beyond a reasonable doubt that the defendant acted with the intent to commit theft, you must find him not guilty of the crime of attempted burglary even if you find or believe that he acted with some other illegal or improper motive."

The trial court should not give instructions which are likely to mislead or confuse the jury. *Carter v. State* (1977), 266 Ind. 196, 361 N.E.2d 1208, *cert. denied*, 434 U.S.

866, 98 S.Ct. 202, 54 L.Ed.2d 142. This instruction was properly refused because it is confusing in that it starts with reference to intent, but ends with reference to motive.

Bailey also tendered the following instruction:

"Unauthorized presence at and assault upon a structure of another, even when taken together, are not sufficient to prove that a person was acting with any intent to commit a theft."

We believe this instruction was properly refused because it ignores the rule that intent to commit a felony may be inferred from the time, force and manner of entry if there is no evidence that the entry was made with some lawful intent. *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841. Bailey offered no evidence showing that the entry was made with a lawful intent.

## IV.

### Accomplice Instruction

The trial court gave the following instruction:

"It is not necessary for the State to prove that the defendant personally committed each and every action involved in the perpetration of an attempted burglary, once the State has established that the defendant acted in concert with other participants in the attempted burglary."

We find this instruction to be supported by the evidence and a proper statement of the law. Evidence of concerted participation in the commission of an illegal act is sufficient to prove guilt of a crime. *Howard v. State* (1978), 268 Ind. 589, 377 N.E.2d 628, *cert. denied*, 439 U.S. 1049, 99 S.Ct. 727, 58 L.Ed.2d 708. When a person acts as an accomplice of another, the acts of the accomplice will be imputed to the other participants. *Proctor v. State* (1979), Ind., 397 N.E.2d 980. While the evidence is inconclusive as to who actually kicked in the victim's back door, the record shows that this

---

**2.** Bailey's failure to include a verbatim copy of his two flight instructions in his brief waives any error by the trial court in refusing to give them to the jury. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

kicking occurred while Bailey and his accomplices attempted to break and enter the victim's home.

## V.

### Lesser Included Offense Instruction

█ Bailey tendered the following instruction which the trial court refused to give:

"If you find from your consideration of all the evidence that the defendant is guilty of some offense which has been charged against him, but you have a reasonable doubt as to which of the said offenses the defendant's guilt is properly established, it is your duty to give him the benefit of the doubt and only convict him of the lesser included offense of which you find him guilty beyond a reasonable doubt."

The trial court properly refused this instruction because it had instructed the jury on the lesser included offenses of criminal trespass and attempted criminal trespass. The court also instructed the jury that if the State failed to prove an element of the greater offense, then the jury could find Bailey guilty of the lesser included offense provided the State proved the lesser included offense beyond a reasonable doubt.

## VI.

### Circumstantial Evidence Instruction

Bailey tendered the following instruction:
"Direct evidence means evidence that directly proves a fact, without an inference, and which in itself, if true, conclusively establishes that fact.
"Circumstantial evidence means evidence that proves a fact from which an inference of the existence of another fact may be drawn.
"An inference is a deduction of fact that may logically and reasonably be drawn from another fact or group of facts.
"It is not necessary that facts be proved by direct evidence. Both direct evidence and circumstantial evidence are acceptable as a means of proof. Neither is necessarily entitled to any greater weight than the other.

"However, if an element of the case is proved by circumstantial evidence alone, the circumstances disclosed by the evidence must be of such a character and strength as to exclude every reasonable hypothesis except that of the defendant's guilt. If the circumstances disclosed by the evidence can be explained on any reasonable hypothesis except that of the defendant's guilt or if the circumstances disclosed by the evidence can be explained on any reasonable theory consistent with the defendant's innocence, he is entitled to an acquittal. Therefore, if circumstances in this case give rise to two inferences, one of guilty and one of innocence, you must acquit the defendant."

The court instructed the jury on paragraph one and three, but refused paragraphs two, four and five.

█ Since the State presented evidence that Bailey was seen and heard kicking the back door in an attempt to break it down, the trial court properly refused to instruct the jury on circumstantial evidence and the "reasonable hypothesis of innocence" test of circumstantial evidence at trial. Where evidence of the *actus reus* is direct, no circumstantial evidence instruction is necessary regarding a defendant's *mens rea. Spears v. State* (1980), Ind., 401 N.E.2d 331.

## VII.

### Comment on Failure to Testify

During her final argument to the jury, the deputy prosecutor made reference to a final instruction that specific intent to commit a felony in the victim's house could be inferred from the time, force and manner in which the attempted entry was made. The deputy prosecutor argued to the jury that the defense had failed to come forward with evidence of a lawful purpose for the breaking into of the victim's house. Bailey's counsel immediately objected that the deputy prosecutor, in effect, was commenting upon Bailey's failure to testify.

█ While a comment on a defendant's failure to testify is prejudicial error,

the State may comment on the lack of an explanation concerning otherwise incriminating evidence against a defendant.[3] *Crane v. State* (1973), 157 Ind.App. 319, 299 N.E.2d 877. The deputy prosecutor's remark focused on the absence of evidence to contradict the State's evidence of the time, force and manner in which the attempted burglary occurred. We are unable to find in the record any comment on Bailey's failure to testify.[4]

Judgment affirmed.

HOFFMAN, P. J., concurs.

GARRARD, J., concurs in result.

---

**3.** We are not confronted with an instruction to the jury not to draw any inference from a defendant's failure to testify. Such an instruction is not permitted in Indiana. *Gross v. State* (1974), 261 Ind. 489, 306 N.E.2d 371. Such an instruction does not violate, however, the Fifth and Fourteenth Amendments to the United States Constitution. *Lakeside v. Oregon* (1978), 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319.

**4.** The deputy prosecutor argued:

"First where there is an attempt at an unauthorized entry, we have already gone over that. There was an attempt of an unauthorized entry. In the absence of evidence entry was made for some other purpose, you you've not heard any evidence you didn't hear any evidence yesterday of another reason, other than the intent to commit theft and why that man was kicking in that door yesterday."

"Mr. Asher: Excuse me, Judge, may we approach the bench?"