John DOE, a/k/a Paul Varner, a/k/a Rodney Carter, Appellant,

v.

STATE of Indiana, Appellee.

No. 3–1082A275.

Court of Appeals of Indiana, Third District.

July 18, 1983.

Eric Oden Clark, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen Ransom Radford, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION ON REHEARING

HOFFMAN, Presiding Judge.

On December 9, 1981, appellant Paul Varner was arrested after being observed driving an automobile reported stolen from Grand Rapids, Michigan. Appellant was placed on trial before a six-man jury on a charge of theft,[1] a class D felony. The jury returned a verdict of guilty and Varner appealed.

In his original appeal Varner contended the trial court erred in trying him before a six-man jury. This Court reversed appellant's conviction on this ground in a memorandum decision entered on June 2, 1983. The State timely filed a petition for rehearing. In this petition the State alleges the Court misconstrued certain acts of public law in reversing appellant's conviction.

---

1. Ind.Code § 35–43–4–2 (Burns 1979 Repl.)

The prior decision of the Court was in error and will be addressed on rehearing.

In the original decision this Court concluded that a six-man jury was proper in county court for trial of a class D felony but not proper in superior court. Ind.Code § 35–1–30–1 specifically provides for the number of jurors to be used in criminal trials in all courts. This statutory provision was amended by Acts 1981, P.L. 281 § 3 which states:

"IC 35–1–30–1, as amended by Acts 1977, P.L. 26, SECTION 18, is amended to read as follows: Sec. 1. The trial jury used in civil cases shall act also in criminal cases, but must in criminal cases consist of twelve (12) qualified jurors, except as provided in IC 33–10.5–7–6:

(1) twelve (12) qualified jurors in a felony case other than a Class D felony case; or

(2) six (6) qualified jurors in a Class D felony, misdemeanor, infraction, or ordinance violation case."

Since this act included no enactment provision it became effective on September 1, 1981.

■ In the case at bar appellant was tried on a charge of theft, a class D felony. The crime was committed December 9, 1981; his trial occurred on July 19, 1982 subsequent to the effective date of Acts 1981, P.L. 281 § 3. Thus, Ind.Code § 35–1–30–1 as amended providing for a six-man jury in a trial involving a charge of a class D felony was in effect. Therefore, the trial court did not err in trying appellant before a six-man jury.

The decision as to appellant's first issue on rehearing requires that the Court address the remaining issues raised by appellant in his original appeal. These issues are:

(1) whether the trial court erred in admitting certain evidence at trial;

(2) whether the trial court erred in refusing to grant appellant's motion for mistrial; and

(3) whether the trial court erred in failing to grant appellant's motion for directed verdict.

As to appellant's first issue Varner specifically objects to two exhibits entered into evidence by the State. Several grounds are forwarded by appellant to support his objections. Each exhibit will be discussed separately.

■ First, appellant objects to the admission of boltcutters seized from the passenger compartment of the auto. Appellant contends they were seized in an illegal search. Since he was already in custody in the rear of the police cruiser when the boltcutters were seized, appellant contends the search was not incident to his arrest.

This issue has been addressed by the United States Supreme Court in *New York v. Belton* (1981) 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768. In this decision the Court held that police may legally search the passenger compartment of a vehicle *after* the occupant is taken into lawful custody. Such a search is a "contemporaneous incident of that arrest." 453 U.S. at 460, 101 S.Ct. at 2864.

■ Appellant next contends the boltcutters were inadmissible because they were irrelevant. The record indicates the steering wheel of the car had been severely damaged by some cutting tool. The damage was inflicted in order to start and steer the car without the ignition key. The boltcutters seized in the legal search may have been used to cause the damage. Therefore, the boltcutters do have a logical tendency to prove a material element of the crime charged and were relevant evidence. *State v. Hall* (1982), Ind., 432 N.E.2d 679.

Appellant also complains about the admission of the contents of two address books seized from his personal effects. Again, appellant contends the books were illegally seized and irrelevant.

■ The search through which the books were procured took place when appellant's personal effects were logged in prior to his being placed in jail. This procedure is a necessary incident to all arrests which re-

sult in an accused being placed in custody. As the procedure was incident to a lawful arrest the evidence seized is admissible. *Farrie v. State* (1971), 255 Ind. 681, 266 N.E.2d 212 (watch taken from defendant at time he was placed in jail, admissible at trial).

■ Appellant next complains about the reading of the content of the books to the jury. It is appellant's contention that this evidence was irrelevant. The contents of the books included the names and addresses of individuals residing in Michigan. The car was stolen from Michigan. As appellant had denied ever being in Michigan these names and addresses had some logical relevance to rebut that denial and was therefore admissible. *State v. Hall, supra.*

If the evidence was irrelevant we fail to see the harm of reading a list of names and addresses into evidence. The court took great pains to exclude any prejudicial evidence contained in the books. Thus, even if irrelevant the error was harmless and does not require reversal. *Indiana, etc., Development Co. v. Newcomb* (1916), 184 Ind. 250, 111 N.E. 16.

Next, appellant argues the trial court erred in refusing to grant his motion for mistrial. This motion was based on remarks made by the prosecutor during the State's opening statement.

■ An opening statement is not evidence to be considered by the jury. *Buise v. State* (1972), 258 Ind. 321, 281 N.E.2d 93. The jury was instructed to this effect in the case at bar. Further, the grant or denial of a motion for mistrial is a matter which rests in the sound discretion of the trial court. *Ramos v. State* (1982), Ind., 433 N.E.2d 757. Nothing in the record indicates the court abused its discretion.

Finally, appellant contends the trial court erred in refusing to grant his motion for directed verdict. Specifically appellant argues the State failed to present sufficient evidence to establish the corpus of the crime. This argument is unavailing.

■ The issue is nothing more than a request to weigh the evidence. Such a task

this Court will not perform on review. The State established the vehicle in question belonged to a person other than appellant. Appellant was observed operating, in Indiana, the vehicle which was reported stolen from Michigan. The steering column of the car had been substantially damaged in order to operate the car without the ignition key. There is sufficient evidence from which the jury could infer appellant's guilt beyond a reasonable doubt. The trial court's refusal to grant appellant's motion for directed verdict was not in error. *Pitts v. State* (1980), Ind.App., 410 N.E.2d 1387.

For the reasons stated above our decision in this matter entered June 2, 1983 is vacated and appellant's conviction is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.