GILLESPIE, Presiding Justice.
Wilburn Lee Henley was convicted in the Circuit Court of Hinds County for burglary and was sentenced to serve a term of six years.
On this appeal the principal questions presented are (1) was the search of Henley’s apartment and seizure of certain stolen articles and burglary tools unlawful, and (2) was the confession of Henley valid? We hold the search and seizure lawful and *603 the confession invalid; thus, we reverse and remand the case for a new trial.
When the Cooper Road Drug Store was burglarized on the night of September 30, 1967, certain articles including bank checks, a camera, films, and Dounal pills in an identifiable container were stolen. An investigation was conducted by Detectives Keys and Chance of the Jackson Police Department. An arrest warrant, was issued for Melissa Odom who had been identified as the person cashing some of the checks stolen from the Cooper Road Drug Store. During the morning of October 3, 1967, Detectives Ratliff and Taylor went to the apartment of appellant in search of Melissa Odom. When the officers knocked on the door to Henley’s apartment, the defendant answered and at first refused the officers admission. Upon being told that the officers would get a warrant (apparently referring to an arrest warrant for Melissa Odom which one of the officers stated was sent to them), Henley admitted the officers in the apartment where they found Melissa Odom. Both were then arrested and taken to jail during the morning of October 3, 1967. No search was made of the apartment at the time of these arrests although one of the officers saw, but did not examine or seize, a camera of the same kind stolen from the Cooper Road Drug Store.
The officers, although not agreeing on the reason for arresting Henley, testified to facts clearly showing that they had no probable cause to arrest Henley for burglary or any other crime.
Several hours after Miss Odom and Henley were placed in jail the two officers made an affidavit for a search warrant. It gave as the “underlying facts and circumstances” that Cooper Road Drug Store had been burglarized on September 30, 1967, and certain bank checks had been stolen and that an informant who had previously furnished reliable information, stated that some of these checks were in the apartment of Henley.
It is contended that the affidavit supporting the search warrant did not contain any allegation that affiants had personal knowledge of facts constituting probable cause nor did the affidavit state that the informant was a credible person, and, therefore, the magistrate had nothing upon which to make a fair and impartial judicial determination of probable cause. We are of the opinion that the affidavit contains sufficient underlying facts and circumstances to justify the magistrate’s issuance of the search warrant. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). In McCray the question was whether the officers had probable cause to make the arrest and search of the preson without a warrant. The court held that information furnished the officers by an unidentified informant who had previously furnished accurate information was sufficient to constitute probable cause for the arrest and search of the accused. Since the affidavit in the present case gives sufficient underlying facts and circumstances to enable the magistrate to make a judicial determination of probable cause, O’Bean v. State, 184 So.2d 635 (Miss.1966) is not applicable. We are, therefore, of the opinion that the search of Henley’s apartment and the seizure of the burglary tools and stolen articles were lawful.
 At a preliminary hearing held to determine the admissibility of a confession signed by Henley, Officers Ratliff and Taylor and the defendant testified. We disregard Henley’s testimony that was contradicted. The trial judge rejected Henley’s testimony as to voluntariness of the confession. The testimony of the officers established the fact that Henley’s arrest on the morning of October 3 was illegal. Officers Ratliff and Taylor went to Henley’s apartment in search of Melissa Odom who was the subject of an arrest warrant in connection with the cashing of the stolen checks. After entering the apartment, the officers arrested Miss Odom by serving her with the warrant. Officer Ratliff testified that Henley was arrested because he *604 was intoxicated. Officer Taylor testified that Henley was arrested for burglary, but only testified that he had information that Henley had given Melissa Odom the checks without establishing that the information had been obtained from a person known to be reliable. It is the opinion of this Court that neither officer had probable cause to arrest Henley although they did have a right to enter Henley’s apartment to arrest Melissa Odom. Her presence there did not constitute probable cause to arrest Henley, especially since Officer Ratliff testified that at the time of Henley’s arrest he had no information implicating Henley.
Before signing the confession Henley was read and did himself read a full statement which advised him of his right to remain silent; that anything he said could be used against him in court; of his right to talk to a lawyer before being asked any questions and to have a lawyer present during any questioning; that if he was indigent, a lawyer would be furnished him; and that he could stop answering questions at any time he so requested.
Henley, a drug addict, signed the waiver at 5:20 p. m. and the confession at about 5:30 p. m. on October 3, 1967, the day of his arrest. According to Officer Ratliff, at that time, Mr. Henley was what I would say would be in a state of drug withdrawal. He was irritable, nervous, trembling, easily excitable.” The following day Henley’s condition was characterized as “pathetic” and the officers took him to University Hospital for treatment.
In sum, Henley was a drug addict, was illegally arrested in the morning and detained until late afternoon, and was in drug withdrawal when he allegedly waived his constitutional rights and signed the confession. Under these circumstances we hold that the confession was not free and voluntary, and its admission was reversible error.
Henley’s argument that he was entitled to a directed verdict is without merit. The container of Dounal pills found in his apartment was identified by the owner of Cooper Road Drug Store by the cost mark. A screwdriver found in Henley’s bedroom was identified by an expert as the tool used to open the rear door of the burglarized drug store.
Reversed and remanded.
RODGERS, BRADY, INZER and ROBERTSON, JJ„ concur.