LAWRENCE S. RAMIREZ *v.* STATE OF INDIANA.

[No. 272A95. Filed August 22, 1972.]

*A. Martin Katz,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—This appeal presents two issues for this court's review. The first issue is whether an envelope was obtained from the person of the defendant, Lawrence S. Ramirez, *via* an unreasonable search and seizure. The second issue is whether the signed confession of the defendant was improperly admitted into evidence.

The defendant was charged by amended affidavit with the crime of second-degree burglary. The defendant was arraigned and plead not guilty. The cause was tried to a jury which found the defendant guilty of second-degree burglary, as charged, and defendant was sentenced to the Indiana State Reformatory for a period of not less than two, nor more than five years. The timely motion to correct errors filed by the defendant was overruled and this appeal followed.

The pertinent facts may be summarized from the record before us as follows:

George Felling, a police officer for the City of Hammond, Indiana, testified that on the morning of August 15, 1970, he received a call that a burglary was in progress at a doctor's office in his vicinity. Upon reaching the doctor's office Felling testified that he ran to the rear of the building and saw the defendant prying the lock of the rear door with a screwdriver. Felling testified that the defendant saw him and started to run and continued until Felling "fired a warning shot in the air, and he [defendant] stopped." Felling further testified that he placed the defendant under arrest at the scene and brought him into the police station; and that at the police station the defendant was told to take everything out of his pockets, and the defendant pulled out a yellow envelope full of change bearing the words "Couch Adjustment" and "pop money."

An employee of the Couch Adjustment Company, Inc. testified that between five o'clock p.m. on August 14, 1970, and nine o'clock a.m. on August 15, 1970, the Couch Adjustment Company had been broken into. The president of Couch Ad-

justment Company, Inc. identified the envelope taken from the person of the defendant as being an envelope kept in a locked filing cabinet in the office of the Couch Adjustment Company, Inc. He testified that money used to replenish the supply of "pop" was kept in the envelope.

Detective Sergeant Vernon Harris of the Hammond Police Department was assigned to work on the Lawrence Ramirez case. He testified that he investigated the burglary at the Couch Adjustment Company, Inc. and then returned to the police station and had Ramirez brought into his office. He testified that he and another detective gave Ramirez "a copy of his constitutional rights and read it to him and showed it to him, to make sure that he understood it before we had any conversation." Harris further testified that Ramirez "agreed to talk to us and he signed the waiver."

The jury was then excused, and a hearing was held concerning the voluntariness of the waiver and confession signed by defendant-Ramirez. The jury was called back and the waiver and confession were offered into evidence. The defendant objected on the basis that the confession was not a voluntary statement. The objection was overruled by the trial court and the waiver and confession identified as State's Exhibit No. 2 was received into evidence.

Thereafter, State's Exhibit No. 1, the envelope previously taken from Ramirez, was received into evidence without objection. The issue raised concerning this envelope is whether it was obtained through an unreasonable search and seizure.

The circumstances surrounding the obtainment of the envelope are that the defendant was taken from the place where he was arrested to the police station for booking. At the police station he was either searched by the officers or was ordered by the officers to remove everything from his pockets. The envelope was thereby obtained and was used as evidence in the prosecution of another crime, to-wit: the burglary of the Couch Adjustment Company, Inc.

The justification for a warrantless search as an incident to a lawful arrest grows out of the necessities of the situation. *Trupiano* v. *United States* (1948), 334 U.S. 699, 68 S. Ct. 1229, 92 L. Ed. 1663. When an arrest is made the officer is justified in searching the person of the arrestee and the area within his immediate control—meaning the area within which he might gain possession of a weapon or destructible evidence. *Chimel* v. *California* (1969), 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685.

In *Farrie* v. *State* (1971), 255 Ind. 681, 266 N. E. 2d 212, the appellant was arrested for possession of narcotics and when he was booked he surrendered certain articles of personal property for safekeeping. Among these articles was a wristwatch which was subsequently turned over to another police officer and was admitted into evidence against the appellant in a prosecution for second degree burglary. Our Supreme Court, at 214 of 266 N. E. 2d, held:

> "A search incidental to a valid arrest is lawful regardless of what it reveals. In the case at bar defendant does not challenge the validity of the arrest. A search is no less valid when conducted by a jailer when an accused is booked and is to be confined in a cell in the jail or station house."

In the case at bar the seizure of the envelope was contemporaneous with the booking of the defendant. Under the authority of *Farrie* v. *State, supra,* the search was justified and the fruits thereof were admissible in the prosecution of the instant offense.

Furthermore, no error was preserved regarding the admissibility of the envelope because of the failure of the defendant to make a timely objection. *Harrison* v. *State* (1972), 258 Ind. 259, 281 N. E. 2d 98.

The next issue is whether the signed waiver and confession of the defendant were improperly admitted into evidence.

We need not dwell on the proposition that a confession is only admissible where it is free and voluntary. *Smith* v.

*State* (1969), 252 Ind. 425, 249 N. E. 2d 493, 496. A confession is not admissible unless it is "the product of a rational intellect and a free will." *Blackburn* v. *Alabama* (1960), 361 U.S. 199, 208, 80 S. Ct. 274, 280, 4 L. Ed. 2d 242. It has been said that the privilege against self-incrimination is the "essential mainstay" of our system of criminal prosecution. Such privilege is only fulfilled when a person is guaranteed the right "to remain silent unless he chooses to speak in the unfettered exercise of his own will." *Malloy* v. *Hogan* (1964), 378 U.S. 1, 7, 8, 84 S. Ct. 1489, 1493, 12 L. Ed. 2d 653, 659.

In *Lego* v. *Twomey* (1972), 404 U.S. 477, 92 S. Ct. 619, 30 L. Ed. 2d 618, the petitioner did not deny having made the confession but did challenge whether it was made voluntarily. The trial judge conducted a hearing out of the presence of the jury. Conflicting evidence was heard, and the trial judge ruled the confession was admissible. The jury was instructed by the trial court as to the prosecution's burden of proof but it did not instruct that the jury was required to find the confession voluntary. The petitioner was found guilty and the conviction was affirmed by the Supreme Court of Illinois. The United States District Court denied habeas corpus relief and its decision was affirmed by the United States Court of Appeals for the Seventh Circuit. In affirming the decision of the Court of Appeals, the United States Supreme Court, at 626-627 of 92 S. Ct., stated:

> "Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774 [12 L. Ed 2d 908], (1964), an offspring of Brown v. Mississippi, 297 U.S. 278, 56 S. Ct. 461, 80 L. Ed. 682 (1936), requires judicial rulings on voluntariness prior to admitting confessions. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), excludes confessions flowing from custodial interrogations unless adequate warnings were administered and a waiver was obtained. Weeks v. United States, 232 U.S. 383, 34 S. Ct. 341, 58 L. Ed. 652 (1914), and Mapp v. Ohio, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (1961), make impermissible the introduction of evidence obtained in violation of a defendant's Fourth Amendment rights. In each instance, and without regard to its probative value, evidence is kept from the trier of guilt or innocence for

reasons wholly apart from enhancing the reliability of verdicts.

\* \* \*

"[W]e are unconvinced that merely emphasizing the importance of the values served by exclusionary rules is itself sufficient demonstration that the Constitution also requires admissibility to be proved beyond reasonable doubt. Evidence obtained in violation of the Fourth Amendment has been excluded from federal criminal trials for many years. Weeks v. United States, *supra.* The same is true of coerced confessions offered in either federal or state trials. Bram v. United States, 168 U.S. 532, 18 S. Ct. 183, 42 L. Ed. 568 (1897) ; Brown v. Mississippi, *supra.* But, from our experience over this period of time no substantial evidence has accumulated that federal rights have suffered from determining admissibility by a preponderance of the evidence.

\* \* \*

"To reiterate what we said in *Jackson:* when a confession challenged as involuntary is sought to be used against a criminal defendant at his trial, he is entitled to a reliable and clear-cut determination that the confession was in fact voluntarily rendered. Thus, the prosecution must prove at least by a preponderance of the evidence that the confession was voluntary. Of course, the States are free, pursuant to their own law, to adopt a higher standard. They may indeed differ as to the appropriate resolution of the values they find at stake." (Footnotes omitted.)

In the instant case, the advisement of rights was adequate under the guildelines of *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694. See also: *Green* v. *State* (1971), 257 Ind. 244, 274 N. E. 2d 267.

In *Nacoff* v. *State* (1971), 256 Ind. 97, 267 N. E. 2d 165, at 167, our Supreme Court stated:

"A heavy burden rests on the appellee to demonstrate that the appellant intelligently and voluntarily waived his right to remain silent and to consult with appointed counsel. Miranda v. Arizona, *supra.* The legal standard to be applied in determining whether an accused, who has been properly advised of his rights and has signed a waiver, has voluntarily waived his rights is the same as that used in the pre-*Miranda* coerced confession cases. The question is whether,

looking at all the circumstances, the confession was free and voluntary, and not induced by any violence, threats, promises, or other improper influence." (Citing authorities.)

In the case at bar, a hearing was held out of the hearing of the jury concerning the voluntariness of the waiver and confession. The testimony adduced in this hearing was conflicting. When the jury returned the waiver and confession were sought to be admitted into evidence. The defendant objected alleging the documents were not voluntary statements. The objection was overruled and the waiver and confession were admitted into evidence. At the conclusion of the presentation of the evidence the jurors were instructed that they were the "sole judges of the credibility of the witnesses and of the weight to be given to their testimony."

The trial judge observed the witnesses and heard the conflicting evidence with regard to the voluntariness of the waiver and confession. He resolved the conflict in favor of the State. In *Smith* v. *State, supra,* (1969), 252 Ind. 425, 249 N. E. 2d 493, at 496, it is stated:

"The appellant's testimony of what happened in regard to the actions of the police officers in advising him of his rights and their use of mental coercion is contradictory to the testimony of the police officers. When the evidence in the record is in conflict as to whether the confessions or statements were voluntarily given, the Supreme Court will not disturb the Trial Court's ruling based on the conflicting evidence. Matthews v. State (1959), 239 Ind. 252, 156 N. E. 2d 387."

Having considered all of the attendant circumstances of the instant case, as contained in the record before us, we cannot say as a matter of law that the trial court erred in admitting the waiver and confession into evidence. Nor can we say as a matter of law that the defendant's constitutional or statutory rights have been violated.

The judgment of the trial court is affirmed.

Sharp, J., concurs, Staton, J., concurs with opinion.

## Concurring Opinion

STATON, J.—I concur in result for the reason that State's Exhibit No. 1 was received in evidence without objection. No error was preserved regarding its admissibility. *Chimel* v. *California* (1969), 395 U.S. 752, 80 S. Ct. 2034, 23 L. Ed. 2d 685 does not support the proposition that a warrantless search at the police station after arrest can be made. The search in the present case was not contemporaneous with the arrest. In *Preston* v. *United States* (1964), 376 U.S. 364, 84 S. Ct. 881, 11 L. Ed. 2d 777, the United States Supreme Court expressly held that "Once an accused is under arrest and in custody, then a search made at another place, without warrant, is simply not incident to the arrest." *Preston, supra,* 376 U.S. at 367. The warrantless search does not appear to have been initiated for any other reasons than custody. *Brett* v. *United States* (5th Cir. 1969), 412 F. 2d 401. No question has been raised regarding the defendant's constitutional rights under the Fourth Amendment to the Constitution of the United States.

NOTE.—Reported in 286 N. E. 2d 219.