STATE OF INDIANA *v.* RONALD R. COOLEY.

[No. 3-1173A148. Filed December 18, 1974. Rehearing denied January 21, 1975. Transfer denied May 29, 1975.]

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellant.

*John R. Highland, Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellee.

STATON, J.—The State has appealed from the trial court's acquittal of Ronald R. Cooley on a charge of involuntary manslaughter.[1] The grand jury's indictment charged Cooley with recklessly causing an automobile collision which resulted in the death of Arthur L. Schasberger. Cooley was also charged with the offense of driving while intoxicated. After entering a plea of not guilty, Cooley filed a motion to suppress evidence of a confession obtained shortly after the accident by Officer Thomas Hall of the Porter City Police Department.

---

1. This appeal is taken pursuant to IC 1971, 35-1-47-2; Ind. Ann. Stat. § 9-2304 (Burns Supp. 1974) which provides in part that appeals may be taken by the state in criminal actions "upon a question reserved by the state."

This motion was denied by the trial court without a hearing. At trial, Cooley again challenged the admissibility of any proof pertaining to the alleged confession on the ground that it had been involuntarily given. After an evidentiary hearing on the issue of voluntariness, the trial judge determined that Cooley's inculpatory admissions had not been voluntarily made and excluded them from the State's case in chief. After the State presented its case, the defense rested without presenting evidence. The court then found Cooley not guilty of driving under the influence and discharged him on the involuntary manslaughter count. The State is appealing from the trial court's denial of its motion to correct errors.

The single issue of law reserved by the State is:

Whether the factual determination of the trial court that defendant's confession was involuntary is supported by sufficient evidence?

We conclude in our opinion that the trial court's factual determination of involuntariness is supported by sufficient evidence, and we affirm.

On the evening of November 24, 1971, Cooley struck the rear of a vehicle being driven by Arthur Schasberger. After the collision, Cooley left his car, approached Schasberger's vehicle, and observed Schasberger lying on the back seat. When Officer Hall arrived at the scene, he found Cooley standing beside his own car suffering from a head wound. Officer Hall then examined Schasberger and determined that he was dead. A practical nurse, who arrived at the scene shortly thereafter, also examined Schasberger and was unable to discover any vital signs. While inspecting Cooley's head wound, Officer Hall detected the smell of alcohol on Cooley's breath. Cooley was arrested on a charge of driving while under the influence of alcohol and was taken to a nearby Indiana State Police Post where a breathalizer test was administered. At the State Police Post, Officer Hall informed Cooley of his *Miranda* rights, and Cooley signed a form which

acknowledged his waiver of the applicable constitutional safeguards. Although the inculpatory statements allegedly made by Cooley do not appear in the record, it is presumed he admitted to Officer Hall that he had been intoxicated at the time of the fatal accident.[2] Cooley was given a citation for driving under the influence and then taken to a hospital for treatment of his injuries. He was never informed of Mr. Schasberger's death, nor was he charged with any other offense in connection with the incident until he was indicted by the grand jury.

The State argues that the trial judge erred in his factual determination that Cooley's confession was involuntary. In support of its position, the State directs our attention to testimony which indicates the absence of any coercive police conduct. Moreover, the State contends that Cooley received a valid *Miranda* warning prior to the making of any inculpatory statements.

When a criminal defendant challenges the voluntariness of a confession offered by the State as evidence against him, the trial judge must make a preliminary factual determination as to whether the confession was voluntarily given. IC 1971, 35-5-5-1; Ind. Ann. Stat. § 9-1634 (Burns Supp. 1974) provides:

"In any criminal prosecution brought by the state of Indiana, a confession, as defined in section (5) [§ 9-1638] hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence and hearing of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made, it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

---

2. The term "confession" means any confession of guilt of any criminal offense or any self-incriminating statement made orally or in writing. IC 1971, 35-5-5-5; Ind. Ann. Stat. § 9-1638 (Burns Supp. 1974).

The Indiana statutory scheme for voluntariness hearings also provides certain guidelines for the trial judge's ■ factual determination. IC 1971, 35-5-5-2; Ind. Ann. Stat. § 9-1635 (Burns Supp. 1974) provides:

"The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including but not limited to (1) the time elapsing between the arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. The presence or absence of any of the above mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession."

It is apparent that IC 1971, 35-5-5-2 does not purport to circumscribe the kind of evidential facts which the trial judge may consider in passing upon the voluntariness ■ issue. See *Kolb* v. *State* (1972), 258 Ind. 469, 282 N.E.2d 541. The Indiana procedure is a mere codification of Fifth and Fourteenth Amendment protections which entitle a criminal defendant to a reliable and clear-cut determination that his confession was voluntarily given. *Jackson* v. *Denno* (1964), 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908. Thus, any evidence relevant to whether the challenged confession was "the product of a rational intellect and a free will" should be considered by the trial judge. *Blackburn* v. *Alabama* (1960), 361 U.S. 199, 208, 80 S.Ct. 274, 280, 4 L.Ed.2d 242; *see Reck* v. *Pate* (1961), 367 U.S. 433, 440, 81 S.Ct. 1541, 6 L.Ed.2d 948. The State has the burden to establish the voluntariness of the disputed confession by a preponderance of the evidence. *Ramirez* v. *State* (1972), 153 Ind. App. 142, 286

N.E.2d 219; *Lego* v. *Twomey* (1972), 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618. On appeal, this Court will review the trial court's determination on the issue of voluntariness in the same manner that it scrutinizes any factual finding reached on a preponderance of the evidence. *See Kolb* v. *State* (1972), 258 Ind. 469, 282 N.E.2d 541.

In reviewing the sufficiency of the evidence in support of the trial judge's voluntariness finding, this Court will not weigh the evidence nor resolve questions of credibility. We look only to that evidence which supports the trial court's determination that Cooley's confession was not voluntarily given.

Evidence was presented at the hearing from which the trier of fact could determine that Cooley did not know that Schasberger was dead. There was further proof that Officer Hall knew of Schasberger's death at the time he induced Cooley to make the challenged admissions, but Hall failed to inform Cooley that he was suspected of a serious felony—involuntary manslaughter. The trial judge could reasonably infer that if Cooley had been apprised of the death, and the probable charge of involuntary manslaughter, he would not have given the inculpatory statements. Furthermore, there was evidence that Cooley had received a head wound in the accident and was somewhat disoriented at the time he made the inculpatory statements. There was sufficient evidence adduced at the hearing to support the trial judge's determination that Cooley's confession was involuntarily given, and therefore, we affirm.

Hoffman, C.J. and Garrard, J., concur.

NOTE.—Reported at 319 N.E.2d 868.