ROOSEVELT WATSON *v.* STATE OF INDIANA.

[No. 3-574A84. Filed July 17, 1975.]

*William Edward McKenna,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellee.

PER CURIAM—Watson was tried by jury, convicted of robbery[1] and given an indeterminate sentence of ten (10)

---

1. IC 1971, 35-13-4-6, Ind. Ann. Stat. § 10-4101 (Burns 1956).

to twenty-five (25) years. He preserves two issues for appeal:[2]

   I. Whether the trial court correctly admitted his oral and written confessions in evidence.

   II. Whether the evidence is sufficient to support his conviction.

We affirm.

The evidence most favorable to the State reveals that on September 14, 1972, Phillip Morgan was employed as the manager of a service station located in Gary, Indiana. At approximately 6:00 a.m., a car occupied by four males entered the service area. On the pretext of obtaining water for their auto, Watson and another man accompanied Morgan into the station. Once inside, either Watson or his accomplice placed a gun to the back of Morgan's head and forced him into the men's restroom. There, Watson and his accomplice robbed Morgan of five dollars, his money changer and the keys to the station safe. Morgan was then bound with his belt. Two Hundred and Eleven Dollars ($211.00) were subsequently taken from the safe. During the course of the robbery, another customer entered the station. He was also taken to the restroom, robbed of approximately Seventy Dollars ($70.00) and bound with his belt.

Shortly thereafter, Morgan freed himself and notified the Gary police, who stopped the car containing Watson and three other males. A search of the car disclosed a .32 caliber pistol. The occupants were placed under arrest, searched and advised of their constitutional rights pursuant to *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

---

2. Pursuant to IC 1971, 35-5-3-2, Ind. Ann. Stat. § 9-1706a (Burns 1956) (now IC 1971, 35-5-3.1-1, Ind. Ann. Stat. § 9-1708 [Burns Supp. 1974]), the trial judge conducted a hearing to determine Watson's competency to stand trial. In his Motion to Correct Errors, Watson contends the trial court erred in finding him competent to stand trial. In his brief, however, Watson merely cites one portion of a psychiatrist's testimony during trial concerning whether he (Watson) was sane at the time of the offense. Therefore, the issue of whether Watson was competent to stand trial must be deemed waived for failure to present supportive argument thereon. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

Watson was found to be in possession of a large sum of money.

While en route to the police station, one of the arresting officers asked Watson why he robbed the service station. Watson replied that he needed the money. Approximately six hours after his arrest, Watson signed a valid waiver of rights form and gave police a signed statement confessing his participation in the robbery.

## I. THE CONFESSIONS WERE PROPERLY ADMITTED IN EVIDENCE.

At trial, Watson objected to the admission of testimony concerning his oral confession made while en route to the police station.[3] In conformity with IC 1971, 35-5-5-1, Ind. Ann. Stat. § 9-1634 (Burns Supp. 1974),[4] the trial court immediately conducted a hearing outside the presence of the jury to determine the voluntariness of both the oral and written confessions. The trial judge found that both confessions were given voluntarily.

During the voluntariness hearing, Watson testified that he had ingested quantities of heroin and LSD six to eight hours before the robbery. He stated that taking LSD was the last thing he remembered until some time in December, 1972, when he regained his senses and discovered that he was in Lake County Jail. Watson insisted that he had no recollection of participating in the robbery or giving any statements to the police. The fact of Watson's drug ingestion

3. The term "confession" means any confession of guilt of any criminal offense or any self-incriminating statement made orally or in writing. IC 1971, 35-5-5-5, Ind. Ann. Stat. § 9-1638 (Burns Supp. 1974).

4. IC 1971, 35-5-5-1, Ind. Ann. Stat. § 9-1634 (Burns Supp. 1974) provides: "In any criminal prosecution brought by the state of Indiana, a confession, as defined in section (5) [§ 9-1638] hereof, shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence and hearing of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made, it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances."

was corroborated by the testimony of another robbery participant, Darryl Daniels.

In rebuttal, the State produced three police officers who testified that, based on their experience in arresting drug users, Watson did not appear to be under the influence of drugs either at the time of his arrest or at the time he gave his full confession at police headquarters. His speech, coordination and physical appearance were normal. The officers further testified that Watson acted rationally and coherently at all times, and appeared to understand his rights and the consequences of signing the waiver form.

Watson argues that the trial judge erred in his factual determination that the confessions were voluntary. In support of his contention, he merely directs us to his own testimony that he was under the influence of drugs at the time he gave the confessions.[5]

The State had the burden to establish the voluntariness of the disputed confessions by a preponderance of the evidence. *Ramirez* v. *State* (1972), 153 Ind. App. 142, 286 N.E.2d 219; *Lego* v. *Twomey* (1972), 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618. On appeal, this Court will review the trial court's determination on the issue of voluntariness in the same manner that it scrutinizes any facts or findings reached on a preponderance of the evidence. *State* v. *Cooley* (1974), 162 Ind. App. 482, 319 N.E.2d 868. In reviewing the sufficiency of the trial court's voluntariness finding, this Court will neither weigh the evidence nor resolve questions of credibility. We look only to that evidence which supports the trial court's determination that Watson's confessions were voluntarily given. *State* v. *Cooley, supra.*

On appeal, Watson is asking this Court to weigh the evidence. This we may not do. Three police officers testified that Watson was not under the influence of narcotics and acted quite normally in all respects, both at the time of his

---

5. Watson does not contend that his statements were procured by coercion, threat or intimidation.

arrest and at the time his written statement was given. Sufficient evidence was presented at the hearing from which the trial court could determine that Watson's confessions were voluntary. *See Layton v. State* (1973), 261 Ind. 251, 301 N.E.2d 633.

## II. THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE CONVICTION.

Watson contends that the evidence is insufficient to support his conviction. He challenges the sufficiency of the evidence solely on the theory that at the time he committed the robbery he was incapable, by reason of voluntary drug ingestion, of forming the requisite intent.

While voluntary intoxication is not a defense in a criminal proceeding, it is, nevertheless, well recognized that the absence of a specific intent, regardless of the cause of such mental state, is a defense to any crime requiring such an intent. To this extent, mental incapacity, although occasioned by the voluntary ingestion of alcohol or drugs, is a defense. The existence of this mental condition or incapacity, rendering the accused incapable of forming a specific intent, is a question of fact to be determined by the trier thereof—in this case, the jury. *Stout v. State* (1974), 262 Ind. 538, 319 N.E.2d 123; *Preston v. State* (1972), 259 Ind. 353, 287 N.E.2d 347; *Daniels v. State* (1971), 257 Ind. 376, 274 N.E.2d 702.

Watson's testimony at trial was merely a repetition of his testimony at the voluntariness hearing embellished with some additional facts pertaining to his past drug use. Basically, he testified that he had no memory of events transpiring on the day of the robbery. He only remembered ingesting two tablets of LSD the night before. He identified the signature on the written confession as his but stated that he did not remember making the statement.

The jury heard the arresting officer and the officer who recorded Watson's written confession. They testified that

Watson was not under the influence of drugs. Phillip Morgan, the robbery victim, testified that Watson appeared to be normal at the time of the robbery. Furthermore, the jury read Watson's lucid account of his participation in the robbery.

On appeal, this Court will not weigh the evidence nor resolve questions of credibility of the witnesses. We will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict, and if there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt, the conviction will be affirmed. *Adkins* v. *State* (1975), 263 Ind. 90, 324 N.E.2d 817; *Jones* v. *State* (1975), 164 Ind. App. 252, 328 N.E.2d 221. There was substantial evidence of probative value from which the jury could properly find that Watson possessed sufficient mental capacity to form the requisite intent.

The judgment is affirmed.

NOTE.—Reported at 330 N.E.2d 781.