Commonwealth *v.* Watson, Appellant.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Simon B. John*, Assistant Public Defender, for appellant.

*Conrad B. Capuzzi,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 29, 1976:

Appellant contends that the charges against him must be dismissed because he was deprived of his constitutional right to a speedy trial. Alternatively, appellant contends that he is entitled to a new trial because the lower court erred in admitting his confession into evidence.

On January 21, 1971, appellant was arrested and charged with the June 1, 1970 burglary of a Perryopolis drug store.

As early as August 28, 1970, the arresting officer, State Police Officer Fidel Ambrose, was in possession of a written statement of appellant's co-conspirator which implicated appellant, but the record does not indicate why appellant was not arrested until five months later. On February 15, 1971, appellant waived a preliminary hearing, waived his Fifth Amendment rights, and gave a full confession to Officer Ambrose. Again for some unexplained reason, the criminal complaint against appellant was not filed until February 14, 1972, more than one year after appellant had confessed, and more than twenty months after the crime had been committed. The Fayette County Grand Jury returned an indictment against appellant on May 11, 1972, and trial was scheduled for June 7, 1972, but was continued, apparently because appellant was incarcerated on a separate charge in the Western State Penitentiary. Trial was not rescheduled until the March Term of 1974, but was continued because appellant did not have counsel present. Trial was then rescheduled for June 20, 1974.

On June 17, 1974, appellant filed a motion to quash the indictment, alleging that he had been denied a speedy trial. The Commonwealth did not answer the petition, and the case went to trial on June 20, 1974. Before trial commenced, defense counsel asked the court

to rule on the motion. The lower court allowed the Commonwealth to file an answer that day, and stated that the motion would be decided after the submission of briefs. The case proceeded to trial and appellant was found guilty of burglary, larceny, and conspiracy by a jury.

Appellant filed only boilerplate post-trial motions, but requested leave to file additional reasons upon transcription of the notes of testimony. Although no further motions appear in the record, appellant submitted a brief in support of his motions which raised all the issues presently pursued. The lower court's Memorandum Opinion states that "[m]otions for a new trial and in arrest of judgment were duly filed, submitted on briefs, and ... denied." Appellant's arguments, therefore, are properly preserved for our review.[1]

Appellant's first contention is that he was deprived of his constitutional right to a speedy trial. Because the criminal complaint was filed before June 30, 1973, Rule 1100, Pa.R.Crim.P., is inapplicable. Therefore, appellant's argument must be judged against the constitutional requirements announced in *Barker v. Wingo*, 407 U.S. 514 (1972); and *Commonwealth v. Hamilton*, 449

---

1. Appellant also makes a claim based on *Commonwealth v. Allen*, 448 Pa. 177, 292 A.2d 373 (1972). During cross-examination of Officer Ambrose, defense counsel asked: "You did not tell the defendant at any time that you would not arrest them [the girlfriends of appellant and his co-conspirator] if he made the statement to you?" Officer Ambrose responded: "No, sir, I don't make bargains like that with thieves." Appellant's claim must fail because the testimony cannot reasonably be interpreted as a reference to any prior criminal activity on the part of the defendant. Appellant was on trial for burglary and larceny and the testimony was in reference to the crime charged. In addition, the lower court immediately gave a curative instruction, directing the jury to disregard the statement because "[t]hat's something to be proven." Thus, the statement went only to the arresting officer's view of whether appellant was guilty of the crime charged. It did not constitute reversible error to fail to declare a mistrial.

Pa. 297, 297 A.2d 127 (1972). The factors to be balanced in determining whether a particular defendant's right to a speedy trial has been denied are: the length of the delay; the reason for the delay; the defendant's assertion of his right; and the prejudice to the defendant. In the instant case, two of the factors clearly support appellant's contention — the delay was excessive and the Commonwealth has failed to assert any reason for the delay. On the other hand, appellant did not assert his constitutional right until three days prior to the trial. Furthermore, appellant has not demonstrated that he has suffered prejudice as a result of the delay. First, appellant was sentenced on April 4, 1972, to serve a term of imprisonment of two to ten years on a separate charge; second, appellant has not alleged that the delay precluded his production of exculpatory evidence; third, appellant cannot allege a loss of memory in view of his detailed recollection of the circumstances surrounding his confession. On balance, therefore, we hold that appellant has not been denied his right to a speedy trial, although we certainly do not condone the inexcusable delay on the part of the Commonwealth.

Appellant's final claim is that the lower court erred in admitting his confession into evidence[2] because the Commonwealth did not sustain its burden of proving by a preponderance of the evidence that appellant knowingly and intelligently waived his constitutional rights. See *Commonwealth v. Bullard*, 465 Pa.     , 350 A.2d 797 (1976); *Commonwealth v. Fogan*, 449 Pa. 552, 296 A.2d 755 (1972). "There is of course no single litmus-paper test for determining constitutionally impermissible interrogation. Rather, the ultimate test of voluntariness is whether the confession is the product of an essentially free and

---

2. The lower court held a "Jackson-Denno" hearing, determined that there was a *prima facie* case of voluntariness, and allowed the issue to be relitigated before the jury. The court instructed the jury that should they find the confession involuntary, they were to disregard it entirely.

unconstrained choice by its maker. 'If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process.' *Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S. Ct. 1860, 1879 (1961). Thus we must consider the totality of the circumstances, including the accused's mental and physical condition. *Commonwealth v. Holton*, 432 Pa. 11, 17, 247 A.2d 228, 231 (1968)." *Commonwealth v. Hallowell*, 444 Pa. 221, 225-226, 282 A.2d 327, 329 (1971).

The circumstances surrounding appellant's confession may be summarized as follows: On February 15, 1971, Officer Ambrose went to the Allegheny County Jail for the purpose of transporting appellant to the state police barracks at Belle Vernon. Officer Ambrose advised appellant of his rights in Pittsburgh, but he did not question him during the trip to Belle Vernon. When they arrived at the state police barracks, Officer Ambrose again advised appellant of his rights. Within ten minutes, appellant began his inculpatory statement. However, the record reveals that Officer Ambrose was aware that appellant was a user of narcotics, and that appellant had told him he was going through withdrawal, prior to the time that appellant confessed:

"Q. You did know, Officer Ambrose, that this young man was a drug user, is that correct?

"A. Yes, sir.

"Q. And knowing that and knowing that he had told you he was going through withdrawal, you still took this statement from him?

"A. Yes, sir.

"Q. Did you know what he meant when he said he was going through withdrawal? ...

"A. Going on a withdrawal, it's whenever you don't have the drug that your body requires. It's just a chemical change that takes place in your body.

"Q. Does that make you act differently than you would normally?

"A. I don't know. It makes you sick."

In addition, defense counsel attempted to show that Officer Ambrose had promised appellant that drugs would be obtained for him if he gave a statement:

"Q. Did you promise this gentleman, the defendant here, that you would get him drugs because you knew of this problem - this is at the time the statement was made?

"A. At the time the statement was made, the only thing I told this defendant —

"THE COURT: Just answer yes or no.... Did you promise him you would get him drugs if he did make a statement?

"A. I promised him that I would call the County Jail, that if he was on drugs they would help him.

"Q. All right, so you did make the promise ....

"A. I promised him I would call the Jail. He said he needed drugs. I said I would call the Jail, if he needed them, they would make the arrangements.

"THE COURT: But was there any condition if he made the statement?

"A. No condition, no sir.

"THE COURT: Well that ought to be clear."

The record is devoid of any evidence of physical coercion. In seeking to determine whether the confession is involuntary because of psychological coercion, we must "consider those elements impinging upon a defendant's will such as: the duration, and the methods of interrogation; the conditions of detention, the manifest attitude of the police toward the defendant, the defendant's physical and psychological state and all other conditions present which may serve to drain one's power of resistance to suggestion and undermine his self-determination." *Commonwealth v. Alston*, 456 Pa. 128, 134, 317 A.2d 241, 244 (1974). Similarly, our Supreme Court has emphasized that "when the question of voluntariness passes beyond the realm of physical coercion and into degrees of

psychological coercion, the most careful attention will be afforded to any facts, circumstances, or events tending to overbear an accused's will. *Commonwealth ex rel. Butler v. Rundle*, 429 Pa. 141, 149, 239 A.2d 426, 430 (1968)." *Commonwealth v. Simms*, 455 Pa. 599, 603, 317 A.2d 265, 267 (1974). Thus, a confession may be deemed involuntary if it was the product of an inordinately long interrogation, or if the conditions of detention were conducive to overcoming the accused's will to resist, or if there were physical coercion, or some combination of these factors, considering the accused's mental and physical condition. Compare *Commonwealth v. Simms*, supra; *Commonwealth v. Riggins*, 451 Pa. 519, 304 A.2d 473 (1973); *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973); *Commonwealth v. Hallowell*, supra; *Commonwealth ex rel. Butler v. Rundle*, supra (confessions involuntary), with *Commonwealth v. Alston*, supra; *Commonwealth v. Banks*, 454 Pa. 401, 311 A.2d 576 (1973) (confessions voluntary). In the instant case, none of these factors is present. Thus, appellant's argument depends on whether his physical and mental condition were such that his confession cannot be said to have been the product of his own free will: "The absence of evidence of improper purpose on the part of the police will not preclude the conclusion that the confession was involuntary, if appellant's physical and mental state were such as to sap his powers of resistance and self control." *Commonwealth ex rel. Gaito v. Maroney*, 422 Pa. 171, 177, 220 A.2d 628, 631 (1966). *See also, Reck v. Pate*, 367 U.S. 433 (1961).

Evidence that an accused was ill, intoxicated, under the influence of drugs, or undergoing withdrawal symptoms, therefore, bears heavily on the ultimate determination of voluntariness. Again, the court must engage in a balancing test: the degree of illness or intoxication may be so pervasive that this factor alone is sufficient to render the confession involuntarily; conversely, the evidence of illness or intoxication may be

such that the accused's will has not been overborne by that fact alone, and the court must find evidence of psychological or physical coercion in order to invalidate the confession. *Commonwealth ex rel. Gaito v. Maroney,* supra, and *Commonwealth v. Holton,* supra, are examples of cases in which the accused's mental and physical condition precluded the possibility of a voluntary confession. In *Gaito,* the Supreme Court held that "[w]hen the pertinent circumstances are considered — the shock and weakened condition engendered by his wound, the extensive and serious nature of the surgery performed upon him, the quantity of anesthetic and medication administered to him, the occasional lapses into semi-consciousness and incoherence — the probability that appellant's confession was the product of a rational intellect and a free will appears remote." 422 Pa. at 178-179, 220 A.2d at 632. Similarly, in *Holton,* the uncontradicted facts in the record revealed that appellant was a chronic alcoholic who was suffering withdrawal symptoms while in custody, was rather incoherent, and had problems with "blackouts" on the day of questioning.

On the other hand, "[t]he fact that an accused has been drinking does not automatically invalidate his subsequent incriminating statements. The test is whether he had sufficient mental capacity at the time of giving his statement to know what he was saying and to have voluntarily intended to say it. Recent imbibing or the existence of a hangover does not make his confession inadmissible, but goes only to the weight to be accorded to it." *Commonwealth v. Smith,* 447 Pa. 457, 460, 291 A.2d 103, 104 (1972). In *Smith,* the Court affirmed the lower court's finding of voluntariness because the police officers, while admitting that appellant appeared to have been drinking, testified that he was alert and responsive and understood the nature of the interrogation and the questions asked of him.

*Commonwealth v. Purvis,* 458 Pa. 359, 326 A.2d 369

(1974), and *Commonwealth v. Davenport,* 449 Pa. 263, 295 A.2d 596 (1972), illustrate the proposition that if the illness or intoxication alone is not sufficient to invalidate the confession, the confession may still be held involuntary if the combination of coercive factors operates to preclude the exercise of free will. In *Purvis,* appellant was under treatment at a hospital and had been taking methadone regularly before his arrest. During his detention and interrogation, appellant was without access to his medication and subsequently became sick. As in *Commonwealth v. Smith,* supra, the officers testified that appellant was alert and coherent, but the Supreme Court held the confession involuntary because the combination of appellant's physical condition, and the "systematic, frequent and persistent interrogation ... which spanded [sic] 25 hours" precluded the possibility that the confession was the product of free choice. 458 Pa. at 365, 326 A.2d at 371. In *Davenport,* in addition to evidence that appellant had been drinking, the record showed that appellant was interrogated for five hours during which one of his hands was continuously handcuffed to a chair which was bolted to the floor.

In the instant case, the arresting officer testified that appellant did not exhibit any symptoms of withdrawal, and was alert and responsive. Appellant's statement that he was "sick as a dog" does not approach the quantum of evidence of illness advanced in *Commonwealth ex rel. Gaito v. Maroney,* supra; nor was any medical testimony presented to substantiate appellant's claim, as was the case in *Commonwealth v. Holton,* supra. Therefore, we cannot say that the evidence of illness alone is sufficient to render the confession invalid. There is no evidence of physical coercion and appellant made his statement only ten minutes after questioning began. Under all the circumstances, therefore, we hold that the confession was properly introduced into evidence.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.