BENJAMIN VILLANUEVA *v.* STATE OF INDIANA

[No. 3-377A64. Filed December 21, 1978. Rehearing denied February 12, 1979. Transfer denied August 7, 1979.]

*Paul J. Giorgi, P.C.*, of Merrillville, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *J. Roland Duvall*, Deputy Attorney General, for appellee.

HOFFMAN, J. — Villanueva was convicted of first-degree burglary in a jury trial. He now appeals, claiming that the court below erred when it fail-

ed to suppress his confession, when it instructed the jury regarding the voluntariness of his confession, and when it failed to *sua sponte* declare a mistrial. He also argues that the evidence was insufficient to support his conviction.

## I.

In reviewing a trial court's determination of the voluntariness of a confession, this Court looks to the totality of the circumstances. In so doing, it may not weigh the evidence, but must consider the evidence which supports the decision of the trier of fact where the evidence is in conflict, along with any uncontested evidence presented by the appellant.

*Ortiz v. State* (1976), 265 Ind. 549, at 553, 356 N.E.2d 118, at 1191;

*Magley v. State* (1975), 263 Ind. 618, at 628, 335 N.E.2d 811, at 818.

In the case at bar it was undisputed that Villanueva was a heroin addict with a $100-a-day habit and that he had been incarcerated on another charge for about three days at the time he gave his statement. It was also undisputed that Villanueva was nervous and pale, and that he had watery eyes — all of which are symptoms of drug withdrawal. Villanueva's own testimony was that he could recall nothing of the time during which his statement was given.

However, there was also uncontradicted evidence that Villanueva was both alert and understandable. He repeatedly asked what penalty was imposed for burglary, thereby showing that he fully comprehended his situation. Sergeant DeHaven, who took Villanueva's statement, testified that he twice explained Villanueva's rights to him and that he fully explained a waiver of rights form to him. Villanueva then signed the waiver and agreed to give a statement. Before giving the statement, however, Villanueva accompanied police officers while they drove through a section of Merrillville as he pointed out the exact locations of a number of other burglaries he had committed. During this trip he vomited once in the police vehicle. Upon returning to the Gary police station, Villanueva gave a written statement to police. In it he described in detail his actions relating to the burglary for which he stands convicted. When DeHaven presented him with a typewritten copy of the statement, he

signed it in a clear, legible hand, making no corrections. At no time did Villanueva ask DeHaven or the other officers present for either medical care or drugs.

By pointing out the specific locations of the prior burglaries, Villanueva demonstrated that his memory was unimpaired at the time he gave his statement, even though he later claimed he could remember nothing but his illness. His signatures on the waiver of rights form and on the statement itself were the products of a steady hand. Further, his testimony that he was continuously vomiting and was otherwise experiencing serious physical discomfort was directly contradicted by the interrogating officers' testimony that he vomited only once and that he at no time requested a doctor's aid.

This evidence was sufficient to support the finding below that Villanueva's waiver and statement were voluntary beyond a reasonable doubt.

*Magley v. State, supra;*

*Ortiz v. State, supra.*

Therefore, no error was committed by admitting the confession.[1]

## II.

In its final instructions, the trial court instructed the jury that the voluntariness of Villanueva's confession must be proved by a preponderance of the evidence before that confession could be considered. Villanueva asserts, correctly, that this instruction was an erroneous statement of the law of this jurisdiction. Voluntariness of a confession must be proved beyond a reasonable doubt.

*Magley v. State, supra;*

*Ortiz v. State, supra.*

---

1. This Court notes, as did the trial court, that Villanueva's response to questioning at the hearing on the motion to suppress indicated a level of comprehension clearly sufficient to permit a knowing and voluntary waiver of the right to remain silent. Villanueva's assertion that his foreign background and low level of intelligence severely limited his understanding is belied by the record of his conduct in open court.

The record shows that Villanueva tendered three jury instructions on the standard of proof of voluntariness. One of those instructions was modified (in a manner undisclosed by the record) and given by the court though it contained the incorrect statement noted above. Villanueva, however, did not object to the giving of this instruction, thereby failing to preserve that error for review. Ind. Rules of Procedure, Trial Rule 51(C). As this Court has previously held in *Grimes v. State* (1976), 170 Ind.App. 525, at 533, 353 N.E.2d 500, at 508:

> "A defendant may not stand idly by while the trial court makes an error in instructing the jury and then claim, on appeal, that because of this error he is entitled to a new trial."

Even if Villanueva had properly preserved this error for review, a reversal would not be proper in this case. Where, as here, a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise, errors in the giving or refusing of instructions are harmless and will not be considered on appeal. *Pinkerton v. State* (1972), 258 Ind. 610, at 622, 283 N.E.2d 376, at 382.

### III.

At the trial Officer DeHaven was questioned about the events which occurred prior to the time of Villanueva's confession. DeHaven stated that Villanueva had, while riding through Merrillville with police, pointed out eleven other residences which he had burglarized. To this testimony Villanueva objected, and the trial court admonished the jury to disregard the reference to other burglaries.

Villanueva now argues that the court should, *sua sponte*, have declared a mistrial after this incident. Such an argument has no merit; for even if Villanueva had affirmatively sought relief by moving for a mistrial, this Court could not hold the denial of the motion to be reversible error in this case. The decision to grant or deny such a motion is in the sound discretion of the trial court and is reviewable only for abuse thereof. Where, as here, a jury is admonished to disregard improper matter, or if other reasonable curative measures are taken, no reversible error will be found. *Ballard v. State* (1974), 262 Ind. 482, at 489, 318 N.E.2d 798, at 803.

## IV.

Villanueva asserts that his conviction was not supported by sufficient evidence. The sole basis for this argument is his claim that his confession was involuntarily given and therefore inadmissible. Without that confession, he argues, the remaining evidence is insufficient to support a finding of guilt.

As the confession was admissible for the reasons stated above, Villanueva's conviction was indeed supported by sufficient evidence. Since Villanueva, in his confession, admitted each of the acts charged, there was ample evidence to support a finding beyond a reasonable doubt that he broke and entered the Oskins' residence with intent to commit a felony therein.

For the foregoing reasons, the judgment below is affirmed.

Affirmed.

Lowdermilk, J., participating by designation, concurs.

Staton, J. dissents with opinion.

## DISSENTING OPINION

STATON, J.—I dissent. The evidence shows that Benjamin Villanueva was undergoing withdrawal from his heroin addiction when he made a confession. The trial court incorrectly instructed the jury on the standard to be used in determining the voluntariness of a confession. Finally, Villanueva was prejudiced by testimony relating to other burglaries he allegedly committed. I would reverse.

## I.

### Voluntariness of the Confession

As the majority acknowledged, Villanueva was a heroin addict with a $100-a-day habit. At the time he made his confession, he exhibited symptoms of drug withdrawal. At the hearing on the motion to suppress, the trial court indicated that both parties presented evidence that Villanueva was undergoing some degree of withdrawal. Nonetheless, it found that the confession was made voluntarily. I feel the clear

evidence of Villanueva's state of withdrawal from heroin raised a reasonable doubt as to the voluntariness of his confession.

The standard for determining whether a confession was made voluntarily was restated recently by our Indiana Supreme Court:

> " 'whether under all the attendant circumstances the confession was free and voluntary, freely self-determined, the product of a rational intellect and a free will, and without compulsion or inducement of any sort, or whether the accused's will was overborne at the time he confessed.' "

*Works v. State* (1977), 266 Ind. 250, 362 N.E.2d 144, 150, quoting *Johnson v. State* (1968), 250 Ind. 283, 235 N.E.2d 688, 694.

The U.S. Supreme Court set forth the factors to be considered in viewing the circumstances:

> "the duration and conditions of detention (if the confessor has been detained), the manifest attitude of the police toward him, his physical and mental state, the diverse pressures which sap or sustain his powers of resistance and self-control — is relevant. The ultimate test remains that which has been the only clearly established test in Anglo-American courts for two hundred years: the test of voluntariness. Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process."

*Culombe v. Connecticut* (1961), 367 U.S. 568, 81 S.Ct. 1860, 1879.

Two of the circumstances surrounding the giving of the statement may very well have resulted in an involuntary statement. The record contains uncontroverted evidence that Villanueva was undergoing withdrawal at the time the statement was made. In addition, he had been incarcerated for at least three days before he gave the statement, during which time he was not taken before a magistrate.[1]

---

1. The majority states that it was undisputed that Villanueva had been incarcerated on another charge for about three days at the time he gave his statement. However, the record is vague on this point. Both the questioning officer and Villanueva testified that they did not know the cause for the arrest. The record contains no arrest warrant for another charge. The warrant for this charge was dated March 3.

The question of whether uncontradicted evidence of heroin withdrawal at the time of confession is sufficient to establish involuntariness of the confession (as not the product of a free will) has not yet been answered by our courts.[2]

*Henley v. State* (1969), Miss., 228 So.2d 602, concerned a defendant who was illegally arrested and detained, and who was undergoing withdrawal (with symptoms similar to those recounted in the case at bar) when he signed his confession. The court held the confession was not free and voluntary.

A recent case in Pennsylvania concerned an appellant who claimed to have been in withdrawal when he confessed. The decision quoted from Pennsylvania law:

" 'when the question of voluntariness passes beyond the realm of physical coercion and into degrees of psychological coercion, the most careful attention will be afforded, to any facts, circumstances, or events, tending to overbear an accused's will.' "

\* \* \*

"appellant's argument depends on whether his physical and mental condition were such that his confession cannot be said to have been the product of his own free will: 'The absence of evidence of improper purpose on the part of the police will not preclude the conclusion that the confession was involuntary, if appellant's

---

2. Withdrawal cases must be distinguished from those in which the defendant claims he was under the influence of a drug at the time of confession. In those cases, our courts apparently place a burden on the defendant to describe the nature of the drugs consumed and to show that they were of the kind and quantity capable of rendering the confession involuntary. *See Damrell v. State* (1976), 170 Ind.App. 256, 352 N.E.2d 855; *Layton v. State* (1973), 261 Ind. 251, 301 N.E.2d 633. In these cases, the drugs involved and their effects were little known to the court or jury.

In heroin withdrawal cases, however, the withdrawal symptoms occur as a result of *deprivation* of a drug. The debilitating (and evitable) effects of the process are commonly known. The degree of withdrawal and its effect on the voluntariness of a confession made during that period, can be gauged by the physical manifestation of symptoms.

In addition, a known addict can be treated in order to postpone the onset of withdrawal symptoms. Failure of the police to treat an addict, and yet still take a confession, could very well be deemed a coercive tactic that reaps its fruits when the will is weakened by withdrawal pains. Deprivation of treatment for withdrawal could be deemed as coercive as deprivation of food, water or rest, as in *Ortiz v. State* (1976), 265 Ind. 549, 356 N.E.2d 1188.

physical and mental state were such as to sap his powers of resistance and self control.' "

*Com. v. Watson* (1976), 239 Pa.Super. 426, 360 A.2d 710, 713-14. Evidence that an accused was undergoing withdrawal symptoms was held to bear heavily on the determination of voluntariness.

## II.

### Standard in Determining Voluntariness

As the majority points out, the trial court incorrectly instructed the jury, stating that, in order for it to consider the confession or waiver, the jury must first find by a preponderance of the evidence that the confession or waiver was voluntarily made.

The federal standard requires a showing of voluntariness by a preponderance of the evidence. *Lego v. Twomey* (1972), 404 U.S. 487, 92 S.Ct. 619. However, state courts are free to adopt a higher standard. *Id.* Indiana is one such state that has required a showing that a confession was voluntarily made beyond a reasonable doubt. *Ortiz v. State, supra,* 356 N.E.2d 1188, 1191; *Lindsey v. State* (1976), 264 Ind. 198, 341 N.E.2d 505, 510; *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811, 817; *Burton v. State* (1973), 260 Ind. 94, 292 N.E.2d 790, 797-98.

The majority agrees that the trial court erred in incorrectly instructing the jury. The majority contends, however, that Villanueva failed to preserve the error when he did not object to the giving of the erroneous instruction.

At the time of Villanueva's trial, the Third District of the Court of Appeals had announced that the preponderance standard could be used in determining the voluntariness of a confession. *Moreno v. State* (1975), 166 Ind.App. 441, 336 N.E.2d 675; *Watson v. State* (1975), 165 Ind.App. 111, 330 N.E.2d 781; *State v. Cooley* (1974), 162 Ind.App. 482, 319 N.E.2d 868; *Ramirez v. State* (1972), 153 Ind.App. 142, 286 N.E.2d 219. The trial court, of course, should have conformed its instruction on voluntariness to the higher standard announced by the Indiana Supreme Court. Its mistake is understandable. Nonetheless, Villanueva was entitled to a correct statement of the law. I cannot say that Villanueva was required to object to the reading of the instruction in order to preserve this error

on appeal, given the state of confusion which existed as to the correct standard to be used.

This Court should not treat Villanueva's failure to object as a waiver of the error committed by the trial court. The correct standard in determining the voluntariness of a confession is a high one — the confession must be proved to have been made voluntarily beyond a reasonable doubt. Just as a defendant can never waive the determination of his guilt beyond a reasonable doubt (that is, this Court can always reach the issue of the sufficiency of the evidence), I feel he may not waive the determination of the voluntariness of his confession beyond a reasonable doubt.

Finally, the majority states that, even if Villanueva had preserved the error, a reversal would not be proper in this case, citing *Pinkerton v. State* (1972), 258 Ind. 610, 283 N.E.2d 376. *Pinkerton* is not on point in resolving this case. *Pinkerton* involved an admission, not a confession, for which the standard of admissibility is higher. In *Pinkerton*, the instruction relating to the admission was "vague and contradictory" (here the standard used was erroneous). However, the court felt that the error was harmless, in view of the clear evidence of defendant's guilt aside from her admissions, and in view of the fact that the jury could not have found otherwise.

That is not so in the present case. Until the officers secured Villanueva's confession, they had no probable cause to arrest him. Consideration of the confession was necessary in order for the jury to have had sufficient evidence to convict Villanueva. See Part IV of the majority opinion. In light of the pivotal quality of the confession of Villanueva's guilt, I feel an error in instructing the jury on the standard of voluntariness constitutes reversible error in this case.

### III.

### Evidence of Other Crimes

In his brief, Villanueva argues that the admission of evidence of other burglaries was highly prejudicial and that the trial court, *sua sponte*, should have declared a mistrial. Citing *Ballard v. State* (1974), 262 Ind. 482, 318 N.E.2d 798, the majority felt that the court's admonishment to the jury cured any error.

*Ballard* is not on point. The evidence that Villanueva committed *eleven* other burglaries, as presented by the State, was in the nature of an evidentiary harpoon. Even though the trial court admonished the jury to disregard Officer DeHaven's testimony as to other burglary sites, prejudice resulted.

Finally, the record shows that evidence of other burglaries allegedly committed by Villanueva appeared at two different points in the record — in DeHaven's testimony and in Villanueva's confession admitted over objection. The trial court failed to admonish the jury to disregard the references to other burglaries contained in the confession.

### IV.

#### Due Process

In order to affirm Villanueva's conviction, the majority has taken a piecemeal approach to the errors committed at the trial level.

I feel that the appropriate test to be applied to a withdrawal case such as this is as follows: the confession is not inadmissible per se; but the determination of voluntariness depends on whether the accused's will was overborne at the time of confession by the physiological effects of the withdrawal alone, or by a combination of coercive factors which aggravated the effect of the withdrawal. Such factors would include lack of medical treatment, length and illegality of detention, and length and frequency of interrogation.

In this case, Villanueva received no medical treatment for his withdrawal symptoms. Villanueva had been incarcerated for at least three days before he confessed; during that period he was not taken before a magistrate and charged with any offense. The decision of the police to interrogate him and to take a confession, in spite of his weakened condition, was unreasonable.[3]

Even though Villanueva received his *Miranda* warnings and appeared

---

3. In his brief, appellant discussed his low level of intelligence (he attended school for the retarded), and his foreign background as bearing on the voluntariness of his confession. This may also be considered as part of the totality of circumstances which reflect upon the voluntariness of the confession. *Blatz v. State* (1977), 175 Ind.App. 26, 369 N.E.2d 1086.

to understand them,[4] his physical and psychological well-being was at that very time in the throes of heroin withdrawal. The withdrawal was a direct result of the three-day detention, during which time he received no medical treatment. The unreasonable conduct of the police in questioning an addict with withdrawal symptoms could have overborne his will, rendering him incapable of acting with self-determination.

In light of the coercive factors cited above, the trial court could not have found the confession voluntary beyond a reasonable doubt. The confession should have been suppressed.

When the cumulative effect of the errors is considered, I feel it is indisputable that Villanueva was denied a fair trial. *See Collins v. State* (1975), 163 Ind.App. 72, 321 N.E.2d 868. The jury was erroneously instructed on the standard to use in determining the voluntariness of Villanueva's confession. Even if the jury had been properly instructed, I feel the evidence does not support a finding that the confession was voluntary beyond a reasonable doubt; it should have been suppressed. The State managed to place before the jury extremely prejudicial evidence referring to other burglaries allegedly committed by Villanueva. The single admonishment could not have cured the effect of such evidence on the jury.

I would reverse the judgment of the trial court and instruct the trial court to grant Villanueva a new trial.

NOTE—Reported at 383 N.E.2d 437.

---

4. The majority stated that, by pointing out the specific locations of prior burglaries, Villanueva demonstrated that his memory was unimpaired at the time he confessed. The record gives no indication that the State corroborated the sites Villanueva pointed out as having been burglarized previously. The record shows only that, while riding (and vomiting) in a police van, Villanueva "confessed" to other burglaries by pointing out locations.